██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN LLOYD, Appellant. [607 NYS2d 993] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of first degree manslaughter and sentencing him to 8½ to 25 years, defendant contends that his right to be present at all material stages of his trial was violated when the court questioned a prospective juror in his absence; that the court erred in refusing to admit testimony concerning decedent's reputation for violence and decedent's prior violent acts; and that the sentence is harsh and excessive.

Reversal is not required as a result of defendant's absence from a voir dire conference concerning a prospective juror's request to be excused on the ground that the juror's son worked at the same hospital as defendant. Even if we assume, arguendo, that the conference falls within the rule of *People v Sloan* (79 NY2d 386), the *Sloan* rule should not be applied retroactively *(see, People v Allen,* 198 AD2d 789; *see also, People v Hannigan,* 193 AD2d 8; *cf., People v Mitchell,* 80 NY2d 519).

The court's evidentiary rulings were proper. The court properly precluded defense questioning of prosecution witness Jackson about the reputation of decedent's half brother because that evidence was irrelevant. Defendant was not aggrieved by the court's ruling permitting defense witness Gregg to testify about a prior act of violence committed by decedent. Finally, the Trial Judge reasonably exercised his discretion to exclude evidence of decedent's assault upon defense witness Goulock. That incident was remote in time and differed substantially from decedent's alleged attack upon defendant *(see, People v Miller,* 39 NY2d 543, 552).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.