◼ DAWN QUINN, as Parent and Natural Guardian of LEE A. MORRIS, an Infant, Plaintiff, v LINDA SPITALE, Defendant, and STEPHEN PARDOE et al., Defendants and Third-Party Plaintiffs-Respondents. OWEGO-APALACHIN CENTRAL SCHOOL DISTRICT, Third-Party Defendant-Appellant. [610 NYS2d 370] — Mikoll, J. P. Appeal from an order of the Supreme Court (Rose, J.), entered May 28, 1993 in Tioga County, which denied third-party defendant's motion to dismiss the third-party complaint.

The complaint in this action alleges that on March 21, 1991, Lee A. Morris, a student at the Owego-Apalachin Central School, was injured when defendant Stephen Pardoe, a fellow student, came up from behind Morris and placed his arms around Morris' neck and head in what has been described as a "sleeper hold", causing Morris to become unconscious and to fall to the floor, face first. In January 1993 plaintiff, who is Morris' parent and natural guardian, commenced this action against defendants to recover money damages for the personal injuries and derivative loss sustained as a result of Pardoe's actions. Subsequently, on April 12, 1993 defendants Stephen Pardoe and James Rogers served a summons and third-party complaint on third-party defendant. The third-party action

seeks contribution and/or indemnification from third-party defendant based on the alleged negligence of its employees consisting of, *inter alia,* failing to provide adequate monitors and supervision in the hallway where the incident occurred and failing to recognize the animosity between Pardoe and Morris and provide supervision and/or counseling to resolve their differences.

Third-party defendant thereafter moved pursuant to CPLR 3211 to dismiss the third-party complaint for failure to obtain personal jurisdiction over it because (1) more than one year had elapsed since the incident alleged in the primary action occurred barring the action as untimely, (2) the third-party complaint failed to allege that a notice of claim was served on third-party defendant as required by Education Law § 3813 (1), and (3) all of the prior pleadings were not served with the third-party complaint. Supreme Court denied the motion, finding that the third-party complaint alleged an action for contribution, that the underlying pleadings were timely served within 120 days of the commencement of the third-party action, and that because the third-party action for contribution had not yet accrued, the third-party action was not barred by the Statute of Limitations or the failure to serve the notice of claim required by Education Law § 3813 (1). Third-party defendant appeals.

There should be an affirmance. Supreme Court correctly found that the third-party action had not yet accrued and therefore is not barred by the Statute of Limitations. A cause of action for contribution arises not on the date of injury for which the party seeking contribution may be held liable, but at the time that payment is made on the underlying claim *(Bay Ridge Air Rights v State of New York,* 44 NY2d 49, 52-53). Further, in view of the rationale expressed by the Court of Appeals in *Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County* (2 NY2d 413, 416), we are persuaded that the instant claim for contribution may be maintained against defendant absent compliance with Education Law § 3813. This result furthers the interests of judicial economy without adversely affecting the litigants.

Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.