*566
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Environmental liability is not at the heart of this appeal. Who pays is. In this case, we are asked to determine if a property owner, deemed a pollutant-discharger under the Navigation Law, has a cause of action against a previous owner-discharger for the cost of cleaning up a contaminated site.
 

 The undisputed facts are as follows. From around 1984 to 1987, defendant Long operated a gas station at 274 Delaware Avenue in Albany, which had been the site of a gas station for more than 20 years. In 1987, Midstate Enterprises contracted with Long to buy the property, ultimately assigning that contract of sale to plaintiff White, who intended to establish a Kentucky Fried Chicken franchise there.
 

 The contract of sale conditioned the closing on a clean environmental report. In that connection, plaintiff hired Groundwater Technology to test soil samples at places indicated by defendant, who disclosed the location of six underground storage tanks. Groundwater reported the detection of a low level of aromatic hydrocarbons to the Department of Environmental Conservation, which did not require remediation of the land. Plaintiff then waived the contract conditions and closed on the property. During excavation for the restau
 
 *567
 
 rant, plaintiff discovered a seventh underground petroleum storage tank, which had leaked. DEC ordered remediation of the property. Plaintiff removed the tank and cleaned up the land at a cost of more than $100,000.
 

 Plaintiff applied for reimbursement to the New York State Environmental Protection and Spill Compensation Fund. The Fund rejected plaintiffs claim because, under the Navigation Law, plaintiff as owner of the contaminated property is considered a "discharger’’ — absolutely liable for clean-up costs and precluded from recovering from the Fund. Plaintiff then brought a CPLR article 78 petition, which was dismissed by the trial court and affirmed by the Appellate Division
 
 (Matter of White v Regan,
 
 171 AD2d 197). This Court denied leave (79 NY2d 754).
 

 Plaintiff next instituted the present action against the prior owner, defendant Long, to recover the cost of the cleanup, alleging strict liability under the Navigation Law as well as common-law claims of negligence and breach of the covenant of quiet enjoyment. Supreme Court dismissed the negligence and breach of covenant claims but denied defendant summary judgment on the Navigation Law claim. The Appellate Division dismissed all of plaintiffs claims. We now reinstate plaintiffs Navigation Law claim but uphold the Appellate Division’s dismissal of the remaining claims before us
 
 (see,
 
 84 NY2d 905). There was no evidence of constructive eviction necessary to establish plaintiffs claim for breach of the covenant of quiet enjoyment, and insufficient evidence of defendant’s knowledge of the leaking tank or any statutory or regulatory violation necessary to establish plaintiffs negligence claims.
 

 Our analysis begins with an examination of Navigation Law § 181, where the key provisions read:
 

 "1. Any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained
 

 * * *
 

 "5. Any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum, pro
 
 *568
 
 vided, however, that damages recoverable by any injured person in such a direct claim based on the strict liability imposed by this section shall be limited to the damages authorized by this section”.
 

 The statutory scheme includes as well the establishment of the Fund, which can seek, and from which persons who remediate contaminated property can seek, reimbursement for clean-up costs (Navigation Law § 179). This appeal involves only claims between dischargers, not claims by or against the Fund.
 

 The Navigation Law defines "claim” as "any claim of the fund or any claim by an injured person, who is not responsible for the discharge, seeking compensation for cleanup and removal costs incurred or damages sustained as a result of a petroleum discharge” (Navigation Law § 172 [3]). Although the Navigation Law defines "discharge” as "any intentional or unintentional action or omission resulting in the releasing * * * of petroleum into waters of the state or onto lands” (Navigation Law § 172 [8]), it does not specify who can be liable.
 

 While we have yet to pass on the issue, courts have construed Navigation Law § 181 (1) so as to impose liability on the owner of property on which a discharge occurred, whether or not that owner caused or contributed to the discharge
 
 (Matter of White v Regan,
 
 171 AD2d, at 199-200). But even if we were to agree that property owners should be deemed "dischargers” for purposes of section 181 (1), and thus themselves strictly liable irrespective of fault — a question not before us on this appeal — that would not necessarily bar their recovery under section 181 (5) against persons who actually caused the discharge.
 

 The Navigation Law provides for a private cause of action without denying standing to a property owner deemed a discharger to sue another discharger in strict liability for clean-up costs. The plain language of section 181 (1) imposes liability on any discharger for clean-up costs "no matter by whom sustained,” and subdivision (5) permits "any injured person” to bring a claim against a discharger for clean-up costs and damages. In fact, subdivision (5) was added by amendment in 1991 specifically to establish a private right of action under the statute in response to an Appellate Division decision
 
 (Snyder v Jessie,
 
 164 AD2d 405) which rejected such lawsuits.
 

 
 *569
 
 In that same year, the Legislature added the definition of "claim” with the limitation that persons "responsible for the discharge” could not bring a claim. Although even faultless owners of contaminated lands have been deemed "dischargers” for purposes of their own section 181 (1) liability, where they have not caused or contributed to (and thus are not "responsible for”) the discharge, they should not be precluded from suing those who have actually caused or contributed to such damage. To preclude reimbursement in that situation would significantly diminish the reach of section 181 (5).
 

 Interpreting the statute to allow reimbursement is, moreover, consistent with the purpose of the Navigation Law, which is to ensure prompt and effective cleanup of environmental pollutants. With the assurance that a cause of action is available against other potentially liable parties, the current owner of contaminated property will have the best incentive to effect cleanup as soon as possible, in order to use the property. Absent such incentive, the owner might neglect the environmental hazard, thereby forcing the State to perform the cleanup and then seek reimbursement. Such a delayed, circuitous manner of accomplishing the desired result is surely not what was intended or enacted by the Legislature.
 

 This case is distinguishable from
 
 State of New York v King Serv.
 
 (167 AD2d 777). In that action commenced by the State to recover for the Fund, the court properly dismissed claims brought by defendant discharger against a prior owner-dis-charger holding that the primary defendant could not escape its own liability by claiming against other parties. That holding was later misapplied in
 
 Busy Bee Food Stores v WCC Tank Lining Technology
 
 (202 AD2d 898,
 
 lv dismissed
 
 83 NY2d 953), to deny a discharger’s claims against other responsible parties. Permitting a discharger, who has either itself paid for remediation or has been held liable to the Fund, to assert a cause of action against other responsible dischargers does not negate its own liability, or burden the State with additional litigation against other parties for reimbursement.
 

 Defendant’s argument that a party who cannot bring a claim against the Fund should not be able to bring private claims against other responsible parties lacks merit. Indeed, the Legislature amended the definition of "claim” in 1991 to make clear that a party bringing suit against a private party need not first seek recovery from the Fund (Navigation Law § 172 [3], as amended by L 1992, ch 162, § 1). A current owner
 
 *570
 
 may be liable for clean-up costs as against the Fund
 
 (State of New York v Stewart’s Ice Cream Co.,
 
 64 NY2d 83), but that does not preclude the owner’s suit against the party who actually caused the discharge. Section 181 (5) provides sufficient authority for reimbursement against the person who discharged the pollutant. Thus, we conclude that plaintiff has asserted a valid cause of action against defendant under the Navigation Law.
 

 Accordingly, the Appellate Division order should be modified, without costs, by reinstating the cause of action based on Navigation Law § 181, and, as so modified, affirmed.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified, without costs, in accordance with the opinion herein, and, as so modified, affirmed.