[638 NYS2d 989]

STATE OF NEW YORK, Plaintiff, v TARTAN OIL CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendant. CHEVRON U.S.A., INC., et al., Third-Party Defendants-Appellants-Respondents; PETROLEUM FACILITIES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.

Third Department, March 14, 1996

## APPEARANCES OF COUNSEL

*Kenneth L. Robinson,* Melville, for Tartan Oil Corporation and another, defendants and third-party plaintiffs-respondents-appellants.

*LaFave & Associates,* Delmar *(Patrick J. Higgins* of counsel), for Chevron U.S.A., Inc., third-party defendants-appellants-respondents.

OPINION OF THE COURT

Mercure, J.

In 1984, gasoline was discovered in groundwater near a service station operated by defendants Tartan Oil Corporation and Rally Oil Company (hereinafter collectively referred to as defendants) in the Town of Smithtown, Suffolk County. Plaintiff expended $167,236.30 to contain, remove and mitigate the discharge and, thereafter, brought this action against, *inter alia*, defendants, alleging their strict liability for cleanup costs under Navigation Law article 12 and liability for $500,000 in penalties under Navigation Law §§ 190 and 192. Defendants then brought a third-party action against, *inter alia*, San Francisco Foundation (hereinafter SFF), Chevron U.S.A., Inc. and Petroleum Facilities, Inc. (hereinafter collectively referred to as third-party defendants), Tartan's three immediate predecessors in title. As relevant to this appeal, the third-party complaint alleges third-party defendants' strict liability for cleanup and removal costs pursuant to Navigation Law article 12 and defendants' entitlement to indemnification for the amount of any judgment recovered against them, including statutory penalties, and reimbursement for counsel fees and costs incurred in defense of the main action.

In their respective answers to the third-party complaint, SFF and Chevron each asserted a cross claim against Tartan for contractual indemnity, based upon the alleged provision of an August 27, 1981 agreement (executed in connection with the sale of the property to Tartan) that Tartan would hold them harmless for damages arising out of the corrosion and leakage of a storage tank on the property. SFF and Chevron thereafter moved for partial summary judgment on that cross claim. Third-party defendants also moved to dismiss the causes of action of the third-party complaint alleging strict liability under the Navigation Law, on the ground that such an action may not be maintained by a discharger that has itself been named as a defendant in an action under Navigation Law article 12, and the claims for contribution, indemnification or reimbursement with regard to the statutory penalties and counsel fees, upon the ground that they are not recoverable as a matter of law. Supreme Court issued an order denying the summary judgment motion as premature, appealed by SFF and Chevron, but granting the dismissal motion in its entirety, appealed by defendants.

■■ Initially, we note that third-party defendants predicate their analysis regarding certain of the issues before us on the

assumption that the petroleum discharge forming the basis for plaintiff's action against defendants took place subsequent to the 1981 transfer of title from SFF to Tartan. In fact, although communicating a belief that the discharge took place after February 1, 1982, plaintiff's bill of particulars alleges that the date of discharge is unknown. Significantly, Navigation Law article 12 liability may be imposed upon an "innocent" owner, i.e., one who neither caused nor contributed to the discharge, but is responsible for cleanup and removal costs solely by virtue of its ownership of the property on which the discharge occurred (see, Matter of White v Regan, 171 AD2d 197, 199-200, lv denied 79 NY2d 754; but see, White v Long, 85 NY2d 564, 568). That being the case, plaintiff's recovery is not dependent upon a finding that the discharge took place while Tartan owned the property or, stated another way, upon the distinction between defendants' status as "innocent" or as "guilty" parties. However, that distinction, which cannot be determined until trial of the main action, is critical to a determination of the merit of SFF and Chevron's cross claim against Tartan and of defendants' Navigation Law § 181 (5) strict liability claim against third-party defendants.

■ Turning first to SFF and Chevron's cross claim against Tartan, based upon a theory of contractual indemnity, the relevant language of the August 1981 agreement between those parties reads as follows:

"[1] The [property conveyed to Tartan] and appurtenances thereto are transferred 'as is' without warranty, express or implied, as to present condition or fitness or warranties of any other type. [2] The [underground storage tanks on the property] may have contained leaded petroleum products and may still contain flammable and volatile products and vapors. [3] After conveyance, [Tartan] agrees to hold [SFF] and [Chevron] safe and harmless from any and all liability in connection therewith.

"[4] [Tartan] assumes all risks incident to the use of the property, including the risk that some liquids or mixtures, such as oxygenated fuels (including 'Gasohol'), may react with storage tank interiors, linings, or both, causing corrosion and leakage. [5] [Tartan's] indemnification of [SFF and Chevron] shall include indemnification against this risk. [6] Relining of tanks shall be at [Tartan's] sole cost and expense."

In our view, the foregoing language does not support SFF and Chevron's contention that Tartan agreed to indemnify them for "any and all liabilities" in connection with the ser-

vice station, including leaking underground storage tanks, regardless of their negligence or responsibility for the spill. Rather, applying the principle that, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assocs. v AGS Computers*, 74 NY2d 487, 491), we conclude that, as it concerns discharges caused by leaking tanks, the subject language may be properly construed as operating in a prospective fashion only.

Specifically, we view the sentences, in order, as (1) a disclaimer of warranties, which has nothing at all to do with indemnity, (2) notice of the existence (past or present) of petroleum products *in the underground tanks* (not "in the ground"), and (3) an agreement to hold SFF and Chevron harmless "in connection therewith". To this point, the agreement contains no discussion or even suggestion of liability resulting from the leakage of tanks. Turning to the second paragraph, the contract provides (4) for Tartan's assumption of the risk that the storage tanks *may leak* (not "may have leaked" or "did leak"), (5) that Tartan shall indemnify SFF and Chevron for that risk, and (6) that Tartan shall bear the cost of relining of the tanks (obviously to *prevent* a *future* discharge). Notably absent is any indication that the tanks were then leaking, that the property had been subjected to a petroleum discharge or that Tartan agreed to indemnify SFF and Chevron for any liability in that connection.

We now turn to a consideration of defendants' strict liability cause of action against third-party defendants, dismissed by Supreme Court upon its reading of this Court's decision in *Busy Bee Food Stores v WCC Tank Lining Technology* (202 AD2d 898, *lv dismissed* 83 NY2d 953), which has since been expressly overruled by the Court of Appeals in *White v Long* (85 NY2d 564, *supra*). As we read *White v Long* (*supra*), a faultless owner, deemed a discharger solely by virtue of its ownership of the property, who has either itself paid for remediation or been held liable to the State Environmental Protection and Spill Compensation Fund, may pursue a Navigation Law § 181 (5) claim against the party who actually caused the discharge. As such, to the extent that the main action may be resolved with a determination that defendants are liable to the Fund but were not responsible for the discharge, their strict liability claim against third-party defendants (except so much thereof as seeks to recover statutory penalties incurred by defendants)

states a cause of action. Similarly, in that case, to the extent that the expense incurred by defendants in defense of the main action may be found to constitute an element of "indirect damage" under Navigation Law § 181 (1) and (5), such expense is also recoverable. Accordingly, we shall partially reinstate the first and fully reinstate the seventh cause of action of the third-party complaint.

Finally, we conclude that Supreme Court properly dismissed defendants' claim concerning their liability for statutory penalties, which is based solely upon defendants' failure to promptly contain the discharges.

MIKOLL, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of third-party defendants to dismiss the seventh cause of action and so much of the first cause of action of the third-party complaint as seeks to recover damages for cleanup and removal costs awarded in favor of plaintiff; said motions denied to that extent; and, as so modified, affirmed.