■ STATE OF NEW YORK, Respondent, v ARTHUR L. MOON, INC., et al., Defendants, and LUCINDA STRAND, Appellant. [643 NYS2d 760] —Mercure, J.

On February 11, 1986, defendant Lucinda Strand (hereinafter defendant) was required to evacuate her home because of the presence of gasoline fumes. Subsequent investigation by the Department of Environmental Conservation (hereinafter DEC) disclosed that there had been a discharge of an estimated 3,350 gallons of gasoline from the storage tanks of a gasoline service station owned and operated by defendant Sebastian Neglia, situated next door to defendant's residence. The

contamination plume extended over an area of approximately 200 yards by 250 yards, encompassing eight drinking water wells, including defendant's. During the course of their remediation work, DEC employees noticed that an outdoor 275-gallon heating oil tank on defendant's property was leaking oil onto the ground below the tank. From June 1986 to November 1986, DEC wrote to defendant on a number of occasions requesting that she remove the contaminated soil. Defendant did not accede to those requests and in December 1986 signed a consent order authorizing DEC to perform the necessary cleanup.

In January 1989, plaintiff commenced this action under Navigation Law article 12 against defendant, Neglia and defendant Arthur L. Moon, Inc., as the entity owning the underground gasoline storage system at Neglia's service station. Alleging that Moon's gasoline tanks and defendant's fuel oil tank were each a contributing source of the groundwater contamination and that defendants are each strictly liable for all cleanup and removal costs, the complaint seeks reimbursement for approximately $245,000 in expenditures made in connection with the cleanup of the discharges and $1 million in penalties under Navigation Law § 192. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against her on the grounds that no fuel oil from her tank penetrated into or threatened the groundwater and that, in any event, she is not a discharger under Navigation Law article 12. Supreme Court denied the motion and defendant now appeals.

We affirm. Initially, we are not persuaded by the legal arguments advanced in support of defendant's contention that she is not a discharger under Navigation Law article 12. Contrary to defendant's contentions, the Navigation Law applies to residential properties as well as oil industry enterprises (*see, State of New York v New York Cent. Mut. Fire Ins. Co.*, 147 AD2d 77, 78-79; *see also*, Navigation Law § 172 [8], [18]; § 181 [1]), and "[t]his court has consistently construed Navigation Law § 181 (1) so as to impose liability on the owner of a system from which a discharge occurred in the absence of evidence that the owner caused or contributed to the discharge" (*Matter of White v Regan*, 171 AD2d 197, 199-200, *lv denied* 79 NY2d 754; *see, State of New York v Tartan Oil Corp.*, 219 AD2d 111, 114).

Defendant having supported her summary judgment motion with a prima facie showing that the oil spill on her property did not actually reach the groundwater or threaten to do so (*see*, Navigation Law § 172 [8], [18]; *State of New York v New*

*York Cent. Mut. Fire Ins. Co., supra*, at 79), our next inquiry is whether plaintiff opposed the motion with evidentiary proof in admissible form sufficient to require a trial of the issue or acceptable excuse for its failure to make a tender in admissible form (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068). We believe that it has. The record contains an affidavit of a DEC technician who states that he visited defendant's home on October 1, 1986, that he found the soil beneath defendant's fuel tank to be saturated with fuel oil and that he detected a strong odor of fuel oil coming from defendant's well. In addition, comparison testing of samples of the soil beneath defendant's fuel tank and water from her well showed the same No. 2 fuel oil to be present in both. Defendant's reliance upon her own evidentiary submissions and her justified attacks on the quality of plaintiff's submissions merely raise credibility issues outside the scope of a motion for summary judgment.

Defendant's remaining contentions have been considered and found unavailing.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.