■ LUCINDA STRAND, Also Known as LUCINDA BOYD, et al., Respondents, v VINCENT NEGLIA, Individually and Doing Business as NEGLIA'S SERVICE STATION, et al., Defendants, and MICHAEL NEGLIA, Individually and Doing Business as NEGLIA'S SERVICE STATION, Appellant. [649 NYS2d 729] —Mercure, J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered April 18, 1995 in Ulster County, which denied defendant Michael Neglia's motion for summary judgment dismissing the amended complaint against him.

Plaintiffs commenced this action to recover for alleged personal injuries and damage to real property on State Route 32 in the Town of Saugerties, Ulster County, resulting from a February 1986 discharge of gasoline from petroleum storage tanks located on adjoining property operated as Neglia's Service Station.* The amended complaint alleges causes of action sounding in negligence, strict liability under Navigation Law § 181, trespass, public and private nuisance and for treble damages for forcible dispossession pursuant to RPAPL 853. Following joinder of issue and discovery, defendant Michael Neglia (hereinafter defendant) moved for summary judgment dismissing the amended complaint against him. Plaintiffs cross-moved for partial summary judgment. Supreme Court denied the motion and cross motion and defendant appeals.

In our view, defendant was entitled to summary judgment dismissing all of plaintiffs' causes of action except the one alleging strict liability under Navigation Law § 181. We are constrained to modify Supreme Court's order accordingly.

Turning first to plaintiffs' negligence cause of action, we note that in cases involving the pollution of underground waters, liability may be found only upon a demonstration that the defendant "failed to exercise due care in conducting the allegedly polluting activity or in installing the allegedly polluting device, and that he or she knew or should have known that such conduct could result in * * * contamination" (*Fetter v DeCamp*, 195 AD2d 771, 773). Here, it is undisputed that the service sta-

---

* A more complete statement of the underlying facts may be found in our decision on an appeal in a related action by the State of New York to recover cleanup costs and penalties associated with the discharge (*see, State of New York v Arthur L. Moon, Inc.*, 228 AD2d 826).

tion property was owned by defendant Vincent Neglia and that the underground storage tanks and the petroleum distribution system were owned and maintained by defendant Arthur L. Moon, Inc., and there is no evidence that defendant had any connection with the property prior to 1985, when he took over operation of Neglia's Service Station. As such, defendant may not be found to have breached a duty of care in favor of plaintiffs absent evidence of his actual or constructive notice of defects in the underground storage tanks during the period of his superintendence (*see, supra,* at 774).

In that connection, defendant supported his motion with an affidavit stating that he made measurements and maintained a daily log of the amount of product in the tanks, that he did not observe any "seepage, leakage, over-spills or petroleum odors", that he received no complaints from neighbors and that he had no notice that any petroleum was being discharged from the underground petroleum system. Although self-serving, these averments were sufficient to shift the burden to plaintiffs to come forward with evidentiary facts sufficient to raise triable issues of fact (*see, State of New York v Tarrytown Corporate Ctr.,* 208 AD2d 1009, 1010). For their part, plaintiffs merely proffered evidence of a 1982 petroleum spill on the property, which had no demonstrated connection to the subject discharge and occurred years prior to defendant's established involvement with the property, and the averment that defendant had never been observed measuring the gasoline in the tanks. In our view, this showing did not suffice to create a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Plaintiffs' failure to come forward with evidence of any intentional, reckless or negligent act or omission on defendant's part or his actual or constructive notice of any defects in the petroleum storage or distribution system that arguably caused or contributed to the discharge also mandates dismissal of the causes of action alleging nuisance (*see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 569-571), trespass (*see, Ivancic v Olmstead,* 66 NY2d 349, 352, *cert denied* 476 US 1117; *Kulpa v Stewart's Ice Cream,* 144 AD2d 205, 207) and plaintiffs' entitlement to treble damages for forcible dispossession (*see,* RPAPL 853).

We concur in Supreme Court's determination to deny defendant's motion with respect to the cause of action for strict liability under Navigation Law § 181 (5), however, except to the extent that plaintiffs seek to recover for personal injuries sustained in connection with the discharge. Although there is some evidence to support a finding that plaintiff Lucinda

Strand may have contributed to the spill (*see, State of New York v Arthur L. Moon, Inc., supra,* at 827) and that she may herself qualify as a "discharger" for the purposes of Navigation Law § 181 (1) as a result (*see, White v Long,* 85 NY2d 564), that issue is for the trier of fact (*see, State of New York v Tartan Oil Corp.,* 219 AD2d 111, 113-114). As a final matter, to the extent that plaintiffs are able to establish that they incurred liability for counsel fees as a result of the discharge, such fees may be recovered as "indirect damage" under Navigation Law § 181 (1) and (5) (*see, supra,* at 116). We agree with defendant, however, that Navigation Law § 181 creates no cause of action for personal injuries (*see, Wever Petroleum v Gord's Ltd.,* 225 AD2d 27 [decided herewith]).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Michael Neglia's motion in its entirety; motion granted to the extent of dismissing the first, third, fourth and fifth causes of action of the amended complaint and partially dismissing the second cause of action by striking so much thereof as seeks damages for personal injury; and, as so modified, affirmed.