[655 NYS2d 176]

DAVID R. WHITE, Respondent, v ROBERT LONG, Appellant and Third-Party Plaintiff-Appellant. SHELL OIL COMPANY, INC., et al., Third-Party Defendants-Respondents.

Third Department, March 20, 1997

## APPEARANCES OF COUNSEL

*Donohue, Sabo, Varley & Armstrong, P. C.*, Albany (*Kathleen L. Werther* of counsel), for appellant and third-party plaintiff-appellant.

*Ronald Sinzheimer, P. C.*, Albany (*Jeffrey D. Dillabough* of counsel), for respondent.

*Anderson Kill & Olick, P. C.*, New York City (*Erik T. Sorensen* and *Mark L. Weyman* of counsel), for Shell Oil Company, Inc., third-party defendant-respondent.

*Pozefsky, Bramley & Murphy*, Albany (*Anthony J. Murphy* of counsel), for Red-Kap Sales, Inc., third-party defendant-respondent.

## OPINION OF THE COURT

CARDONA, P. J.

When this case was previously before us (204 AD2d 892), we dismissed all of plaintiff's claims seeking to recover the clean-up costs at the site of a former gas station located at 274 Delaware Avenue in the City of Albany. Plaintiff purchased the property from defendant in 1988 with the intent of establishing a Kentucky Fried Chicken franchise at that location. On appeal, the Court of Appeals (85 NY2d 564) upheld our dismissal of plaintiff's common-law claims of negligence and breach of the covenant of quiet enjoyment, but modified our decision by reinstating plaintiff's claim alleging strict liability under Navigation Law § 181 (5). The Court of Appeals reasoned that although plaintiff, a "faultless owner" of contaminated land, had been deemed a "discharger" for purposes of his own liability under Navigation Law § 181 (1), he could, nevertheless, sue another discharger in strict liability for clean-up costs (85 NY2d 564, 569, *supra*). Therefore, a discharger, who has "not caused or contributed to (and thus [is] not 'responsible for') the discharge" and "who has either itself

paid for remediation or has been held liable to the Fund" (*supra*, at 569), may bring a valid cause of action in strict liability under Navigation Law § 181 (5) to recover "for cleanup and removal costs incurred or damages sustained as a result of a petroleum discharge" (Navigation Law § 172 [3]) against another discharger who has "actually caused or contributed to such damage" (*supra*, at 569; *see*, *State of New York v Tartan Oil Corp.*, 219 AD2d 111, 115).

Subsequent to the Court of Appeals decision, defendant brought a third-party action against Shell Oil Company, Inc. and Red-Kap Sales, Inc. The former is defendant's predecessor in title, the latter is a wholesale distributor of gasoline who sold its product to operators at the property from October 1977 until December 1984 when defendant purchased the property. The third-party complaint alleged two causes of action, the first based on an alleged violation of the Navigation Law and the second on negligence. Both actions sought contribution and/or indemnification. Additionally, Shell cross-claimed against Red-Kap for contribution and/or indemnification.

Defendant moved for summary judgment dismissing plaintiff's Navigation Law claim and plaintiff cross-moved for summary judgment. Supreme Court denied both motions. Red-Kap also moved for summary judgment dismissing the third-party complaint and the cross claim. Shell joined in the motion to dismiss the third-party complaint. Supreme Court granted third-party defendants' motions to dismiss the third-party complaint. Defendant appeals from both orders.

Defendant contends that he was not an individual who caused or contributed to the contamination on the property so as to be liable to plaintiff under Navigation Law § 181 (5). He argues that he did not use or even know of the leaking seventh underground storage tank discovered during excavation for the restaurant. In support of this claim, defendant offered the examination before trial testimony of William Stutsrim, defendant's immediate predecessor in title, who testified that when he bought the property in 1979, there were six underground storage tanks. Defendant alleges that these were the only tanks that he used and that they were routinely tested for leaks throughout his ownership of the gas station by daily measurement of their contents. On the other hand, Michael Litz, defendant's former lessee who ran an automobile repair shop on the premises, testified at his examination before trial that he informed defendant of the existence of several more underground storage tanks and of his failed attempts to obtain

bulk gasoline deliveries because area distributors expressed concern about the integrity of the tanks. Thus, defendant's assertions do not establish conclusively that he had no knowledge of the leaking seventh tank.

Furthermore, material questions of fact were raised as to whether underground storage tanks were leaking during defendant's ownership of the property which caused or contributed to the damage of the property. For example, there was evidence of the need for remediation of residual petroleum contamination in the excavated soils around the six tanks admittedly used by defendant; the opinion of plaintiff's expert placed the time period of the petroleum discharge from the seventh underground storage tank within the period of defendant's ownership of the property. Under these circumstances, Supreme Court correctly concluded that defendant did not establish his entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562) and, therefore, its denial of defendant's motion was proper.

Turning to the appeal from the order dismissing the third-party action, we find that Supreme Court properly granted Red-Kap's motion for summary judgment dismissing defendant's third-party Navigation Law § 181 (5) claim against it and Shell. As noted above, defendant will only be held liable to plaintiff for clean-up costs and damages under Navigation Law § 181 (5) if it is proven that he is a person who actually caused or contributed to the discharge (*see, White v Long*, 85 NY2d 564, 568-569, *supra*). If such liability is established, defendant's status as "a person responsible for a discharge" would preclude him from bringing a valid Navigation Law claim against other alleged dischargers (Navigation Law § 172 [3]; *see, White v Long, supra*, at 568-569).

However, the Navigation Law claim is not the exclusive means by which defendant may seek to hold third-party defendants liable as persons ultimately responsible for the discharge. "It cannot be said that liability for damage to land caused by an oil spill would not exist but for the statute" (*State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88). The enactment of Navigation Law § 181 (5) "simply expanded the common-law right to recover damages which previously existed in favor of any party injured as a result of an oil discharge" (*Leone v Leewood Serv. Sta.*, 212 AD2d 669, 671, *lv denied* 86 NY2d 709; *see, e.g., Town of Guilderland v Texaco Ref. & Mktg.*, 159 AD2d 829). Thus, contrary to Supreme Court's finding, we find that defendant's second cause of action and Shell's cross

claim, grounded in negligence and seeking indemnification and/or contribution, exist as separate substantive causes of action independent of defendant's Navigation Law § 181 (5) claim. Moreover, we find that these causes of action have yet to accrue for Statute of Limitations purposes, since neither defendant nor Shell have made payment on the underlying claim (*see, McDermott v City of New York*, 50 NY2d 211, 217; *Quinn v Spitale*, 203 AD2d 674, 675).* Therefore, Supreme Court's dismissal of the remaining third-party cause of action and cross claim premised upon the Statute of Limitations was error.

Finally, Stutsrim's testimony contradicting Red-Kap's claim that it was not responsible for maintaining the underground storage tanks located on the property presented a material issue of fact precluding summary judgment dismissing defendant's remaining third-party cause of action and also Shell's cross claim.

We have considered Red-Kap's remaining contentions and find that they lack merit.

MIKOLL, CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order entered December 26, 1995 is affirmed, with costs.

Ordered that the amended order entered July 25, 1996 is modified, on the law, without costs, by reversing so much thereof as granted the motions by third-party defendants dismissing the cause of action in the third-party complaint for common-law indemnification/contribution; motions denied regarding said cause of action; and, as so modified, affirmed.

---

* Even though an indemnification/contribution claim has not accrued, it may, nevertheless, be interposed by a third-party action in the main action (*see, McDermott v City of New York, supra,* at 218, n 3).