■ Frank Popolizio et al., Appellants, v City of Schenectady, Respondent. [701 NYS2d 755] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered November 25, 1998 in Schenectady County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

As the result of a tax foreclosure proceeding, defendant acquired title to certain real property in January 1994 and, approximately two months later, sold the property to plaintiffs at public auction. After plaintiffs removed existing underground petroleum storage tanks from the property, it was determined that several of the tanks had leaked prior to removal. As owners of the property at the time the discharge was discovered, plaintiffs are strictly liable for clean-up costs pursuant to Navigation Law § 181 (1) without regard to fault (*see, Matter of White v Regan*, 171 AD2d 197, 199-200, *lv denied* 79 NY2d 754).

Plaintiffs commenced this action for reimbursement of all

costs they have incurred or will incur as a result of the discharge and clean-up. After issue was joined, but before discovery was conducted, plaintiffs moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendant's cross motion, resulting in this appeal by plaintiffs.

Although plaintiffs' complaint contains two causes of action, one based on the Navigation Law and the other based on allegations of negligence, plaintiffs' brief on appeal is limited to the Navigation Law claim and, therefore, our analysis is also limited to plaintiffs' Navigation Law claim. Pursuant to Navigation Law § 181 (5), any injured person may bring a claim against a discharger for clean-up costs and damages. In *White v Long* (85 NY2d 564, 568-570), the Court of Appeals construed Navigation Law § 181 (5) as permitting a current owner of contaminated land, who has not caused or contributed to the contamination but is nevertheless subject to strict liability under Navigation Law § 181 (1), to seek reimbursement from those who have caused or contributed to the discharge. In this case, plaintiffs conceded in their motion papers that defendant did not cause or contribute to the discharge and, therefore, Supreme Court correctly dismissed plaintiffs' claim for reimbursement.

We reject plaintiffs' contention that they may seek reimbursement from defendant under Navigation Law § 181 (5) without regard to fault based solely on defendant's status as a former owner of the property. A faultless owner's Navigation Law § 181 (5) claim for reimbursement lies "against the party who actually caused the discharge" (*State of New York v Tartan Oil Corp.*, 219 AD2d 111, 115; *see, White v Long, supra*) and, therefore, liability in this case requires proof that defendant "actually caused or contributed to the discharge" (*White v Long*, 229 AD2d 178, 181; *see, White v Long*, 85 NY2d 564, 568-569, *supra*). In the total absence of such proof, Supreme Court's order is affirmed.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.