■ VINCENT STARNELLA, Appellant, v BURKE HEAT et al., Respondents. [789 NYS2d 227]—

In an action, inter alia, pursuant to Navigation Law § 181 to recover damages resulting from the discharge of petroleum the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 12, 2003, which denied his motion for an award of an attorney's fee.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, to determine the amount of the attorney's fee to which the plaintiff is entitled.

The court erred in denying the plaintiff's motion for an award of an attorney's fee incurred in this action to recover damages pursuant to Navigation Law § 181 resulting from the discharge of petroleum. There is no requirement that to bring an action pursuant to Navigation Law § 181 (5), or to recover an attorney's fee thereunder, a plaintiff must have either paid

cleanup and removal costs or been held liable to the State for cleanup and removal costs (*see AMCO Intl. v Long Is. R.R. Co.,* 302 AD2d 338 [2003]; *cf. State of New York v Tartan Oil Corp.,* 219 AD2d 111 [1996]). The statute provides a private right of action against a discharger to recover direct and indirect damages, in addition to damages relating to the cleanup and removal of oil (*see* Navigation Law § 181 [1], [2], [5]; *Putnam v State of New York,* 223 AD2d 872 [1996]). Indirect damages include an attorney's fee incurred by a property owner against the discharger in such an action (*see AMCO Intl. v Long Is. R.R. Co., supra; Strand v Neglia,* 232 AD2d 907, 909 [1996]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.