■ GHANSHYAM K. PATEL et al., Respondents, v EXXON CORPORATION, as Successor in Interest to ESSO STANDARD OIL COMPANY, et al., Appellant, et al., Defendants. [841 NYS2d 908]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 21, 2006. The order granted plaintiffs' motion for partial summary judgment and denied the cross motion of defendant Exxon Corporation, as successor in interest to Esso Standard Oil Company, Humble Oil and Refining Company, and The Humble Companies Charitable Trust, for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted the motion of plaintiffs seeking partial summary judgment on liability on their indemnification cause of action against defendant Exxon Corporation (Exxon) and denied the cross motion of Exxon seeking summary judgment dismissing the complaint against it. In their indemnification cause of action, plaintiffs seek recovery of remediation costs related to the cleanup of petroleum contamination on their property (*see Patel v Exxon Corp.*, 11 AD3d 916 [2004]; *see generally Starnella v Heat*, 14 AD3d 694 [2005]). Contrary to Exxon's contention, plaintiffs met their initial burden by establishing that Exxon "actually caused or contributed to such damage" and thus is liable as a "discharger" pursuant to Navigation Law § 181 (1) (*White v Long*, 85 NY2d 564, 569 [1995]; *see State of New York v Passalacqua*, 19 AD3d 786,

788-789 [2005]). Exxon's speculation that others may have also contributed to the discharge is insufficient to raise a triable issue of fact to defeat plaintiffs' motion (*see Passalacqua*, 19 AD3d at 789). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.