■ MICHAEL J. CARTER, Appellant, v SUBURBAN HEATING OIL PARTNERS, L.P., Doing Business as SUBURBAN ENERGY SERVICES, et al., Respondents. (And a Third-Party Action.) [845 NYS2d 482]—

Kane, J. Appeal from an order of the Supreme Court (Lamont, J.), entered February 27, 2007 in Schoharie County, which, among other things, denied plaintiff's motion for partial summary judgment.

Plaintiff was preparing to sell his home in Schoharie County. He had been living in Florida for about five years and used the home only sporadically during that time. Propane was the main source of heat and cooking fuel, but a kerosene heater was also located within the house. Tanks for both fuels were located outside the home. Before moving to Florida, plaintiff emptied the kerosene tank and piping, leaving the connections loose. Defendant Karl F. Gockel, on behalf of his employer, defendant Suburban Heating Oil Partners, L.P., delivered approximately 250 gallons of kerosene to the tank on plaintiff's property. Suburban alleges that the kerosene was ordered by Mary Signorelli, the legal assistant to third-party defendant, John L. Hubbard,

an attorney that plaintiff hired to effectuate the sale of the property. Plaintiff, Hubbard and Signorelli aver that plaintiff never authorized the delivery of kerosene and none of them placed such an order. When plaintiff complained that he never ordered kerosene and directed Suburban to remove it, Gockel returned to plaintiff's property approximately one week after its delivery only to find the tank empty. Apparently, all of the kerosene had leaked into plaintiff's house, necessitating its demolition. During the cleanup effort, plaintiff disposed of the kerosene heater and piping at a local dump.

Plaintiff commenced this action alleging gross negligence and a violation of Navigation Law § 181. He moved for partial summary judgment on the Navigation Law cause of action. Defendants cross-moved for summary judgment, contending that plaintiff's destruction of key evidence required dismissal. Supreme Court denied plaintiff's motion and granted the cross motion to the extent of ordering that a missing evidence charge against plaintiff be given at trial. Plaintiff appeals.

Supreme Court properly denied plaintiff's motion for partial summary judgment. A landowner may seek contribution or reimbursement from an actual discharger only if the landowner is faultless, meaning not in any way responsible for the discharge (*see* Navigation Law § 172 [3]; § 181 [5]; *State of New York v Green*, 96 NY2d 403, 408 [2001]; *White v Long*, 85 NY2d 564, 568-569 [1995]; *Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 717 [2005]). Any degree of fault would doom plaintiff's Navigation Law cause of action (*see Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]; *Calabro v Sun Oil Co.*, 276 AD2d 858, 859 [2000]). Plaintiff acknowledges that the discharge occurred somewhere between the tank and the heater, which would be the portion of pipes or connections inside the home. He was the person who last winterized those pipes, rendering him potentially partially responsible for the discharge if he authorized the delivery of kerosene. Conflicting evidence concerning whether defendants were authorized to deliver the kerosene—i.e., whether Signorelli ordered kerosene from Suburban and, if so, whether she acted as plaintiff's agent—or whether defendants made an unauthorized delivery creates a question of fact regarding plaintiff's fault in the discharge. Thus, summary judgment was correctly denied.

We will not address plaintiff's argument that Supreme Court erred in ordering that a missing evidence charge be given due to spoliation of evidence. This issue concerns an advance ruling on the court's charge, similar to an evidentiary ruling prior to trial. Because a review of the issue at this time would constitute

an advisory opinion, such review should await the conclusion of a trial (*see Brindle v Soni*, 41 AD3d 938, 939 [2007]; *Maguire v Rebaglia*, 232 AD2d 380, 380 [1996]).

While counsel fees may be recoverable as indirect damages of a discharge (*see Strand v Neglia*, 232 AD2d 907, 909 [1996], *lv dismissed* 89 NY2d 1086 [1997]; *State of New York v Tartan Oil Corp.*, 219 AD2d 111, 116 [1996]), the issue is premature at this juncture.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.