# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT GEOFFREY DAVIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69414

FILED

APR 26 2017

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

In September 2011, appellant Robert Geoffrey Davis shot and killed his brother, Matthew Garrett Davis (Gary), in Verdi, Nevada. At trial, Davis sought to introduce testimonial evidence through his sister, Elizabeth Davis-Bailey, regarding a time Gary had attacked her without provocation. Davis wanted to introduce this testimony as part of his claim that he acted in self-defense when he shot Gary. The district court excluded that portion of Elizabeth's testimony on relevance grounds.

Davis argues on appeal that the district court abused its discretion by excluding portions of Elizabeth's testimony. Davis also argues that the State engaged in prosecutorial misconduct when it showed a PowerPoint slide to the jury that contained statements and allegations that Davis argues were improper. Davis argues that the use of the

17-13928

PowerPoint slide and the exclusion of Elizabeth's testimony constitute reversible error, and a new trial is warranted. We disagree.

*Exclusion of the evidence*

"This court overturns a district court's decision to admit or exclude evidence only in the case of abuse of discretion." *Daniel v. State*, 119 Nev. 498, 513, 78 P.3d 890, 900-01 (2003). Generally, unless an exception applies, "[a]ll relevant evidence is admissible." NRS 48.025. However, under NRS 48.035(1), "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." When evidence is remote in time, it becomes less relevant and, therefore, may be inadmissible. *Walker v. State*, 116 Nev. 442, 447, 997 P.2d 803, 806-07 (2000).

Although this court has not established a brightline rule governing the exact parameters of remoteness, in *Walker*, this court determined that prior bad acts that were six and ten years old were "clearly remote in time." *Id.* at 447, 997 P.2d at 807. Other courts have held that when a defendant seeks to introduce evidence of prior bad acts of the victim to support a claim of self-defense, the trial court has discretion to exclude that evidence when the prior bad acts are too remote in time. *See Commonwealth v. Lopez*, 53 N.E.3d 659, 696 (Mass. 2016); *People v. Lloyd*, 607 N.Y.S.2d 993, 994 (N.Y. App. Div. 1994). Here, Gary attacked Elizabeth roughly six years before Davis shot Gary. Thus, we conclude that the district court acted within its discretion when it excluded that portion of Elizabeth's testimony.[1]

_____

[1]Davis argues that Elizabeth's testimony should have been admitted as character evidence under *Petty v. State*, 116 Nev. 321, 997 P.2d 800

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

*Prosecutorial misconduct*

Generally, a defendant's failure to timely object to prosecutorial misconduct and request corrective instructions during trial precludes appellate consideration. *Rowland v. State,* 118 Nev. 31, 38, 39 P.3d 114, 118 (2002). However, this court "may consider sua sponte plain error which affects the defendant's substantial rights." *Id.* Here, the State briefly displayed a PowerPoint slide during its closing argument. Outside the presence of the jury and after the slide was already viewed by the jury, Davis requested that the slide be "marked and preserved for the record" because "it should have never been brought before [the] jury." Whether this constitutes a timely objection, however, is irrelevant because Davis concedes on appeal that he "did not seek a remedy" for the alleged prosecutorial misconduct at trial. Thus, we review the alleged misconduct for plain error.

"In conducting plain error review, [this court] must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights. Thus, the burden is on the defendant to show actual prejudice or a miscarriage of justice." *Anderson v. State,* 121 Nev. 511, 516, 118 P.3d 184, 187 (2005)

---

*...continued*
(2000). However, the district court did not exclude the testimony based on character evidence rules. Rather, the district court decided that the testimony should be excluded based on a relevance analysis because it was too remote in time and its potential prejudicial effect outweighed its probative value. We conclude that the district court's decision was not an abuse of discretion.

(internal quotation marks omitted). Here, the PowerPoint slide was briefly shown to the jury during closing argument and the defendant has not shown actual prejudice or a miscarriage of justice. Thus, Davis has not met his burden under this court's plain error review. *See Taylor v. State*, 132 Nev., Adv. Op. 27, 371 P.3d 1036, 1037 (2016) (determining that the State's improper use of a PowerPoint slide was insufficient for a finding of error when "the slide was displayed briefly only at the very end of the prosecutor's closing arguments, and the defense did not object to the slide").

Accordingly, for the reasons set for above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Scott N. Freeman, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

