■ SUNNYBROOK REALTY CO., INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 32844.) KESBEC, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33125.) — Appeal by the State and cross appeal by the claimant Sunnybrook Realty Co., Inc., from a judgment of the Court of Claims which awarded the claimant $139,084.85 for an appropriation of realty for the Thruway. The State also appeals from an award to claimant Kesbec, Inc., of $1,955, for nine underground gasoline tanks. The claimant Sunnybrook was the owner of land and buildings in the City of Yonkers which were leased to Yonkers General Tire, Inc. Both corporations were owned by the same family and at the trial an assignment was introduced assigning all the interest of Yonkers General Tire, Inc., in the property to Sunnybrook. There was operated on the property a gasoline service station together with a tire sales agency. The entire parcel was appropriated. The claimant Kesbec was the owner of nine underground gasoline tanks located on the property and leased to Sunnybrook. These tanks were used for the storage of gasoline in connection with the service station. Sunnybrook's expert testified to a value of $210,000 for the property appropriated. He capitalized the rental value which was based on the profit derived from the business operated on the property and also used the summation method. It is conceded that he made an error in computation, adding the value of equipment in twice so that his appraisal would be $183,400. The State's expert testified that the value was $87,000, based on comparable sales and reproduction costs of the buildings less depreciation. He did not consider income from the business being conducted on the property. The assessed valuation of the property appropriated was $29,700. The principal contention of the State on this appeal is that the Sunnybrook's expert used an improper method of valuation which was capital-

ization based on income from the business conducted on the property appropriated. This court recently pointed out in *Katz* v. *State of New York* (10 A D 2d 164) that capitalization of net rental value is a factor which may be taken into consideration in arriving at the fair market value of property. There, as here, the rental value was based on profit derived from the business conducted on the property and the property was unusual because of its location and the installation thereon. The court below was presented with valuations based on capitalization, comparative sales, reproduction cost less depreciation, and the summation method as well as the assessed valuation. After considering all these factors we come to the conclusion that this award of $139,084.85 to the claimant Sunnybrook Realty Co. is excessive and should be reduced to the amount of $104,362.80. As to the State's appeal on the award to Kesbec, the court below could find that Sunnybrook's appraiser had not included amounts for the gasoline tanks in his valuation of the whole property. Judgment modified on the law and facts by reducing the amount thereof in the Sunnybrook Realty Co. claim to $104,362.80 with appropriate interest and as so modified is affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.