■ MAHLON T. CLEMENTS et al., Appellants, v VILLAGE OF MORRISTOWN et al., Respondents. [750 NYS2d 137] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Demarest, J.), entered April 20, 2001 in St. Lawrence County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request for a variance.

Petitioners' only challenge to respondents' determination denying their application for a variance permitting the construction of a six-foot-high privacy fence along their property sideline is that the operative provision of the land use code of the Village of Morristown, St. Lawrence County, that "no property line fence, wall or other divider shall be con-

structed of a material or to a height that would interfere with the view or useful enjoyment of an adjoining property," is unconstitutionally vague. We disagree and accordingly affirm Supreme Court's judgment denying the petition and granting respondents' cross petition to the extent of directing petitioners to remove the fence or bring it into compliance with the ordinance.

Notably, a statute will not be automatically invalidated on the ground of vagueness simply because of some " 'difficulty in determining whether certain marginal activities fall within the scope of the statutory regulations' " (*Doe v State of New York*, 189 AD2d 199, 209-210, quoting *Wegman's Food Mkts. v State of New York*, 76 AD2d 95, 101). Rather, it is incumbent on the challenging parties to demonstrate " 'that the statutory language is so indefinite that they could not have reasonably understood' " it (*Doe v State of New York, supra* at 210, quoting *State of New York v Rutkowski*, 44 NY2d 989, 991; *see Matter of Burke v Denison*, 218 AD2d 894, 896). Thus, in order to withstand a due process challenge, it suffices that the language of an ordinance provides a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess as to its meaning (*see Foss v City of Rochester*, 65 NY2d 247, 253; *Matter of Burke v Denison, supra* at 896).

We agree with Supreme Court's conclusion that the provision at issue here satisfies that test. The tall solid wood fence constructed by petitioners could be reasonably expected to, and in fact did, interfere with the adjoining neighbor's view of the St. Lawrence River, thereby diminishing the value and interfering with the useful enjoyment of the adjoining property. Under the circumstances, the ordinance could be reasonably viewed as prohibiting petitioners' actions. For the same reason, we reject the related contention that the lack of objective standards gave respondents unfettered discretion and thereby rendered enforcement of the ordinance arbitrary and capricious.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.