■ JAMES GOLOVACH et al., Respondents, v BELLMONT L.M., INC., et al., Appellants, et al., Defendant. [773 NYS2d 139]—

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 23, 2003 in Clinton County, which, inter alia, partially granted plaintiffs' motion for partial summary judgment.

Plaintiffs own a home and live across the street from Chase's Service Station, a business owned by defendant Bellmont L.M., Inc. Defendant Andrew Chase, who owned the service station in his individual capacity before transferring it to Bellmont, is Bellmont's president, sole shareholder and manager of the day-to-day affairs of the business. It is undisputed that gasoline leaked from a tank at the service station and contaminated plaintiffs' property. Plaintiffs commenced this action claiming trespass, nuisance and violations of Navigation Law § 181. After discovery, plaintiffs moved for partial summary judgment on the issue of liability, alleging that defendants are strictly liable under Navigation Law § 181 for discharging petroleum onto their property. Chase cross-moved for summary judgment dismissing the complaint against him in his individual capacity. Supreme Court, among other things, granted plaintiffs' motion for summary judgment on liability against Chase and Bellmont (hereinafter collectively referred to as defendants), and denied Chase's cross motion. Defendants appeal.*

Under Navigation Law § 181, strict liability is imposed upon "the owner of a system from which a discharge occurred . . . , regardless of a lack of proof of any wrongful act or omission by such owner directly causing the discharge" (*State of New York v Wisser Co.*, 170 AD2d 918, 919 [1991]; *see* Navigation Law § 181 [1], [5]; *Matter of 310 S. Broadway Corp. v McCall*, 275 AD2d 549, 549 [2000], *lv denied* 96 NY2d 701 [2001]; *State of New York v Markowitz*, 273 AD2d 637, 640 [2000], *lv denied* 95 NY2d 770 [2000]; *Matter of White v Regan*, 171 AD2d 197, 199-200 [1991], *lv denied* 79 NY2d 754 [1992]). Defendants concede that a discharge occurred (*see* Navigation Law § 172 [8]; § 181 [1]). Although the service station property was transferred from Chase to Bellmont, six months after that transfer the Department of Environmental Conservation issued bulk storage registration certificates for the station's five petroleum tanks listing Chase, not Bellmont, as owner of the tanks. While Chase acknowledged that his name was on the registration certificates, he also affirmed that Bellmont owned all property and fixtures at the service station. Underground storage tanks are generally considered fixtures (*see Drouin v Ridge Lbr.*, 209 AD2d 957, 958 [1994]). Based on this conflicting evidence, a jury should decide whether Chase owned the tanks, the system from which the discharge occurred, and was therefore strictly liable for the discharge.

---

* As defendants' brief only addresses the portion of the order pertaining to Chase, they have abandoned any argument regarding the grant of summary judgment against Bellmont (*see Smith v Sheppard*, 301 AD2d 913, 914 n 1 [2003]).

Questions of fact also preclude summary judgment as to whether Chase's position as Bellmont's president, sole shareholder and manager render him liable as a discharger. This Court has previously held that "in order to hold a corporate stockholder, officer or employee personally liable under the Navigation Law for a discharge occurring at a site owned or operated by the corporation, that individual must, at a minimum, have been directly, actively and knowingly involved in the culpable activities or inaction which led to a spill" (*State of New York v Markowitz, supra* at 642). Based on Chase's multiple roles in the corporation, his day-to-day control of the service station and the age and condition of the tanks, a jury should determine whether Chase engaged in "active wrongful conduct or culpable inaction" so as to render him liable as a discharger (*id.* at 642).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment as to defendant Andrew Chase; motion denied to that extent; and, as so modified, affirmed.