STATE OF NEW YORK, Appellant, v MARGARET E. DENNIN et al., Respondents, et al., Defendant. [792 NYS2d 682]—

Mugglin, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered October 16, 2003 in Albany County, which, inter alia, partially granted a cross motion by defendants Margaret E. Dennin and Frederick S. Dennin for summary judgment dismissing the complaint against them.

In 1995, defendant Frederick S. Dennin (hereinafter Dennin) purchased at foreclosure sale the real property which is the subject of this Navigation Law action. Dennin claims that, shortly after acquiring title, he sold the property by oral land contract to his daughter-in-law, defendant Margaret E. Dennin (hereinafter defendant). She leased the property—a convenience store and gas station—to defendant Kimberly A. Abrams. Abrams operated the convenience store and gas station until 1998 when the gas station was discontinued. In October 1998, defendant arranged for the removal of the underground petroleum storage tanks to perform an environmental assessment of the property. When petroleum contamination was suspected because of high levels of hydrocarbons in the ground in the vicinity of the storage tanks, defendant commenced remediation but soon requested plaintiff to proceed, resulting in plaintiff's

expenditure of funds to perform the remediation (*see* Navigation Law § 179).

In the present action, plaintiff seeks reimbursement for the costs of remediation. Upon completion of discovery, plaintiff moved for partial summary judgment against Dennin and defendant and they cross-moved for summary judgment dismissing the complaint against them claiming, as is relevant here, that Dennin is entitled to summary judgment because he exerted no control over the spill site. Supreme Court partially granted the cross motion by dismissing the complaint against Dennin. The court also granted plaintiff's motion as to defendant and then found that she was entitled to a hearing to determine the reasonableness of the remediation costs. Plaintiff now appeals.

First, we conclude that Supreme Court erred in denying summary judgment to plaintiff against Dennin and in, therefore, partially granting the cross motion and dismissing the complaint as to him. It is undisputed that Dennin is the record owner of the property. Although liability for the costs of remediation under the Navigation Law cannot be premised solely on ownership, a landowner who has control of the activities on the property and has reason to believe petroleum products will be stored there may be held liable as a discharger (*see State of New York v Green*, 96 NY2d 403, 405 [2001]). Here, it is undisputed that Dennin knew that petroleum products were stored on and sold from the premises when he acquired title and during his period of ownership. As the owner of the legal title, he can control the use of the property, and the activities which occur there, through the terms of the land contract. This degree of control is all that is required for liability (*see id.* at 405, 407). Although defendant admits that she is the owner of the petroleum system, the record contains no evidence that Dennin, as titled owner of the real estate, is not also the owner of the petroleum system from which the spill occurred (*see e.g. State of New York v Arthur L. Moon, Inc.*, 228 AD2d 826 [1996], *lv dismissed* 89 NY2d 861 [1996]). As such, he is liable under Navigation Law § 181 for the cost of remediation, even in the absence of any evidence that the owner caused or contributed to the discharge (*see Matter of White v Regan*, 171 AD2d 197, 199-200 [1991], *lv denied* 79 NY2d 754 [1992]). Thus, we conclude that Dennin may properly be held responsible for the costs of remediation.

Next, a discharger is strictly liable for all clean up and removal costs under Navigation Law § 181 (1) and has no right to contest the reasonableness of the costs in an action brought by plaintiff seeking reimbursement (*see State of New York v Speonk*

*Fuel, Inc.*, 3 NY3d 720, 724 [2004]). Defendant and Dennin, however, argue a question of first impression as to whether the unavailability of such a hearing passes constitutional muster under a due process analysis. In deciding this issue, a court must balance three factors: "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the probable value of other procedural safeguards; and (3) the government's interest" (*County of Nassau v Canavan*, 1 NY3d 134, 142 [2003]). Here, the private interest affected is financial. On the other hand, plaintiff has a strong interest in protecting and preserving its lands and waters (*see* Navigation Law § 170). Moreover, there is an equally strong interest in ensuring reimbursement of taxpayer moneys expended in cleaning up polluted sites when the discharger is unwilling to do so on his or her own accord. Finally, the likelihood of an erroneous deprivation of a discharger's private financial interest is minimized by procedural safeguards combined with the availability of CPLR article 78 review which provides dischargers with an avenue to challenge the costs associated with remediation (*see State of New York v Speonk Fuel, Inc., supra* at 724). The existence of CPLR article 78 review, therefore, clearly provides due process (*see Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v DeBuono*, 292 AD2d 775, 777 [2002], *appeal dismissed* 98 NY2d 692 [2002], *lv denied* 99 NY2d 502 [2002]; *Monroe v Schenectady County*, 266 AD2d 792, 794 [1999]; *Bogle v Coughlin*, 173 AD2d 992, 993 [1991]).

Likewise, we reject any contention that the Navigation Law is unconstitutional. First, the contention that the statutory scheme fails to provide any procedural safeguards with respect to the reasonableness of plaintiff's remediation is not persuasive. Initially, we note that the statute authorizes the discharger to undertake remediation without admitting liability and, therefore, is in a position to control the costs of remediation. Given that entities engaged in such remediation projects are available both to the discharger and plaintiff, a discharger's ability to control remediation costs is equivalent to that of plaintiff. Further, plaintiff's waiver of immunity with respect to claims alleging willful, unlawful or malicious acts associated with remediation of spill sites (*see* Navigation Law § 176 [2] [b]), when combined with the availability of a CPLR article 78 proceeding to review plaintiff's actions, provides sufficient procedural safeguards to dischargers.

Lastly, although no defendant has cross-appealed (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]), we address defendants' argument that Navigation Law

§ 172 (8) is unconstitutionally vague for failure to enumerate what omissions could give rise to a "discharge." Legislative enactments enjoy a "presumption of constitutionality, imposing a heavy burden on a party trying to overcome it" (*Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501 [2002]), and if the statute provides a "reasonable degree of certainty so that individuals of ordinary intelligence" can conform their conduct to its strictures, it will overcome a vagueness challenge (*see Clements v Village of Morristown*, 298 AD2d 777, 778 [2002]). Notably, defendant and Dennin make no argument that the statutory language is vague as applied to them. Instead, they posit a hypothetical factual scenario in support of their argument. Vagueness challenges are addressed based on the facts of the case, not hypothetical scenarios (*see Matter of Mitchell v Fischer*, 300 AD2d 490, 490-491 [2002]; *Clements v Village of Morristown, supra* at 778). We, therefore, conclude that Supreme Court correctly dismissed the challenge to the constitutionality of the statute.

Crew III, Lahtinen and Kane, JJ., concur; Mercure, J.P., not taking part. Ordered that the order is modified on the law, without costs, by reversing so much thereof as (1) partially granted the cross motion of defendants Margaret E. Dennin and Frederick S. Dennin dismissing the complaint against Frederick S. Dennin, (2) provided Margaret E. Dennin with a hearing to determine the reasonableness of the remediation costs charged, and (3) partially denied plaintiff's motion for partial summary judgment; cross motion denied in its entirety, motion granted in favor of plaintiff against Frederick S. Dennin and it is declared that both of said defendants are liable for the past and future costs of remediation of the spill site; and, as so modified, affirmed.