15-4052-cv
Vosse v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand sixteen.

PRESENT: GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
CHRISTINA REISS,
*Chief District Judge*.[*]

-------------------------------------------------------------------------

BRIGITTE VOSSE,

*Plaintiff-Appellant*,

v.                                                                   No. 15-4052-cv

THE CITY OF NEW YORK, COMMISSIONER ROBERT D. LIMANDRI, of the New York City Department of Buildings,

*Defendants-Appellees*.

-------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     TIMOTHY COLLINS, Collins, Dobkin & Miller LLP, New York, New York (Gideon Oliver, Of Counsel, *on the brief*).

---

[*] Chief Judge Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

FOR DEFENDANTS-APPELLEES: ELIZABETH S. NATRELLA, Assistant Corporation Counsel (Richard Dearing, Pamela Seider Dolgow, Of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a November 19, 2015 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Brigitte Vosse appeals from the judgment of the district court dismissing her complaint and upholding New York City's pertinent zoning regulations regarding the placement of illuminated signs as a constitutional time, place, or manner restriction on speech. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and issues on appeal.

Vosse brought suit against the City of New York and the Commissioner of the New York City Department of Buildings, alleging that her right to free speech was violated when she was fined, pursuant to the City's Zoning Resolution, for affixing an illuminated peace symbol to the exterior frame of a seventeenth-floor window in her condominium unit on the Upper West Side of Manhattan. Following adjudication of cross-motions for summary judgment and dismissal by the district court, this court held that Vosse lacks standing to challenge the relevant regulations as content-based, but remanded to the district court to address whether the zoning regulations "constituted an unduly restrictive time, place, [or] manner restriction on speech." *Vosse v. City of New York*, 594 F. App'x 52, 53 (2d Cir. 2015). On remand, the district court rejected Vosse's argument that, even if the regulations are considered content-neutral, they still do not pass constitutional muster based on the manner of restriction. *Vosse v. City of New York*, 144 F. Supp. 3d 627 (S.D.N.Y. 2015).

We review *de novo* the district court's ruling in favor of defendants, as the procedural posture of the case following remand remained at summary judgment. *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 103 (2d Cir. 2010). Because this case raises a claim under the First Amendment, we have "an obligation to make an independent examination of the whole record." *Id.* (quoting *Bose Corp. v. Consumers Union*, 466 U.S. 485, 499 (1984)) (internal quotation marks omitted). We affirm for substantially the same reasons stated in the district court's memorandum order.

2

A content-neutral restriction on speech is consistent with the First Amendment if it: (1) is narrowly tailored to serve a significant government interest, and (2) leaves open ample alternative channels for communication. *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)). The district court correctly concluded that the City's regulations governing illuminated signs satisfy both of these prongs.

### 1. Narrowly Tailored to Serve Significant Interest

Vosse makes two principal arguments regarding the first prong of the time, place, or manner analysis. First, she contends that the City's interests in "maintaining an aesthetically pleasing cityscape and preserving neighborhood character" are insufficient and unsupported by the record. Appellant's Br. 26. However, it is well settled that these interests are legitimate government objectives. *See Lusk v. Vill. of Cold Spring*, 475 F.3d 480, 491 (2d Cir. 2007) (agreeing that "preservation of aesthetic values" is "a legitimate government interest"). Moreover, Vosse herself has acknowledged that the City may validly pursue these interests through its zoning regulations, *see* J.A. 74, and she points to no material issues of disputed fact on this point.

Second, Vosse argues that the district court's narrow tailoring analysis was flawed because it misinterpreted the regulations as categorically prohibiting illuminated signs more than 40 feet above curb level. Vosse contends that the exemption for flags, banners, or pennants located on community-facility lots has the effect of allowing certain illuminated signs above the 40-feet cut-off. Even accepting this interpretation, Vosse has failed to show why the regulations fail the narrow tailoring test. Her arguments on this point either re-litigate her content-based claim regarding differential treatment for exempted speakers – which is explicitly not at issue in this appeal – or disregard clear precedent that narrow tailoring in this context does not require a restriction on speech to be the "least restrictive or least intrusive" means of advancing the government's interests, *Ward*, 491 U.S. at 798–800; *see also McCullen*, 134 S. Ct. at 2535.

Furthermore, a statute or ordinance "need not address all aspects of a problem in one fell swoop; policymakers may focus on their most pressing concerns." *Williams Yulee v. Florida Bar*, 135 S. Ct. 1656, 1668 (2015). The Supreme Court has upheld laws "that conceivably could have restricted even greater amounts of speech in service of their stated interests." *Id.* If Vosse is correct that the ordinance exempts civic organizations from the general non-illumination requirement, that would show that the city could regulate *more* speech to further its aesthetic goals, but not that the ordinance was so underinclusive as to violate the First Amendment. The district court therefore correctly decided that the relevant provisions of the Zoning Resolution are narrowly tailored to serve a significant governmental interest.

3

## 2. Ample Alternative Channels

As for the requirement that the regulations leave open ample alternative channels for communication, Vosse primarily argues that the Zoning Resolution fails on this prong under the reasoning of *City of Ladue v. Gilleo*, 512 U.S. 43 (1994). In *City of Ladue*, the Supreme Court held unconstitutional an ordinance that prohibited all signs that did not fall within a narrow list of exemptions, concluding that the ordinance "almost completely foreclosed a venerable means of communication." *Id.* at 46–47, 54. Vosse's reliance on this precedent is misplaced, however, as the restriction there amounted to a "ban on almost all residential signs." *Id.* at 58. Here, the height restriction in the Zoning Resolution does not prohibit non-illuminated, non-commercial signs with a total surface area of less than 12 square feet, even above 40 feet. The parties therefore agree that Vosse is free to display the same sign in her window, as long as it is not illuminated. Although Vosse argues that an unilluminated sign would be harder for passers-by to see at night, the First Amendment "does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981); *see also City of Ladue*, 512 U.S. at 58 n.17 ("Nor do we hold that every kind of sign must be permitted in residential areas."); *Ward*, 491 U.S. at 802 ("That the [restriction on speech] may reduce to some degree the potential audience for respondent's speech is of no consequence, for there has been no showing that the remaining avenues of communication are inadequate."). Thus, the district court correctly concluded that restrictions on illuminated signs in the Zoning Resolution leave open ample alternative channels for Vosse to communicate her message.

## 3. Conclusion

We have considered Vosse's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4