Town of Del. v Leifer (2018 NY Slip Op 04614)





Town of Del. v Leifer


2018 NY Slip Op 04614


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525301

[*1]TOWN OF DELAWARE, Respondent,
v
IAN LEIFER, Individually and Doing Business as THE CAMPING TRIP, Appellant.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Russell A. Schindler, Kingston, for appellant.
Kenneth C. Klein, Jeffersonville, for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Schick, J.), entered July 20, 2017 in Sullivan County, which, among other things, granted plaintiff's motion for summary judgment.
Defendant owns real property in the Town of Delaware, Sullivan County. He began holding a religious observance on the property in 2014 that, even by his own account, quickly evolved into an annual, multi-day, music festival attended by several hundred people. The property lies in a Rural District under the zoning regulations set forth in chapter 220 of the Code of the Town of Delaware (hereinafter zoning code), and the zoning code makes clear that "[w]henever a proposed use is not specifically permitted [in a zoning district], it shall be deemed prohibited" (Code of Town of Delaware § 220-11). A theater, defined in the zoning code as "[a] building or room or outdoor facility for the presentation of plays, films, other dramatic performances, or music," is a prohibited use in the Rural District (Code of Town of Delaware § 220-5; see Code of Town of Delaware §§ 220-9, 220-11). As planning was underway for the 2016 festival, town officials advised defendant that it violated the prohibition against theaters in the area and required a use variance.
Defendant did not seek a variance, prompting plaintiff to commence this action for injunctive relief barring him from preparing for or holding the festival moving forward. Following joinder of issue, each party moved for summary judgment. Supreme Court, in relevant part, granted plaintiff's motion and enjoined defendant "from continuing to advertise, sell tickets to and from holding or permitting to be held upon the premises" the festival and related activities. Supreme Court made clear that the injunction did not prohibit any "uses consistent with the single family residence situate on the [p]remises." Defendant now appeals.
An outdoor festival with the presentation of music falls within the zoning code definition of a "theater" prohibited in the Rural District. Defendant challenges the validity of the theater restriction by arguing, among other things, that it excessively interferes with expressive conduct in violation of the First and Fourteenth Amendments to the US Constitution. Inasmuch as plaintiff invoked the strong "presumption of validity accorded to zoning legislation" (Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 20 NY3d 481, 486 [2013]; see Stringfellow's of N.Y. v City of New York, 91 NY2d 382, 395-396 [1998]), it fell to defendant, the party attacking the theater restriction, to raise a question as to its validity (see Boyles v Town Bd. of Town of Bethlehem, 278 AD2d 688, 690 [2000]; see e.g. Schulz v State of N.Y. Exec., 134 AD3d 52, 55 [2015], appeal dismissed 26 NY3d 1139 [2016], lv denied 27 NY3d 907 [2016]). He did not do so.
The theater restriction does not target specific speech or ideas and instead regulates the time, place and manner in which expressive activity may occur, making it "[a] content-neutral restriction on speech [that] is consistent with the First Amendment if it: (1) is narrowly tailored to serve a significant government interest, and (2) leaves open ample alternative channels for communication" (Vosse v City of N.Y., 666 Fed Appx 11, 12 [2d Cir 2016], cert denied US , 137 S Ct 1231 [2017]; see People v Barton, 8 NY3d 70, 76 [2006]). In that regard, theaters are permitted in more developed areas under the zoning code but not in the Rural District, which is intended to preserve areas "conducive to the mutual existence of agricultural and low-density residential uses as well as certain unobtrusive commercial activities" (Code of Town of Delaware § 220-9). Plaintiff has a substantial governmental interest in preserving the character of the area and preventing threats to that character, such as excessive noise (see Ward v Rock Against Racism, 491 US 781, 796-797 [1989]; Carew-Reid v Metropolitan Transp. Auth., 903 F2d 914, 917 [2d Cir 1990]; Matter of Town of Islip v Caviglia, 73 NY2d 544, 554-555 [1989]). Alternative channels for communication also exist in that the zoning code permits theaters in more developed areas (see Carew-Reid v Metropolitan Transp. Auth., 903 F2d at 919; Matter of Town of Islip v Caviglia, 73 NY2d at 554-555).
The primary question, as such, is whether the theater restriction is narrowly tailored to "promote[] a substantial government interest that would be achieved less effectively absent the regulation" (United States v Albertini, 472 US 675, 689 [1985]; accord Ward v Rock Against Racism, 491 US at 799; see People v Barton, 8 NY3d at 77-78). The theater restriction is unambiguously limited to efforts to facilitate the "presentation of plays, films, other dramatic performances, or music" (Code of Town of Delaware § 220-5), and "to present" means "to bring (something, such as a play) before the public" (Merriam—Webster Online Dictionary, present, https://www.merriam-webster.com/
dictionary/presenting). Its terms do not encompass the type of private activity undertaken by homeowners and, indeed, the zoning code makes clear that "use[s] customarily conducted entirely within a dwelling and carried on by the inhabitants residing therein" constitute permitted home occupation in the Rural District (Code of Town of Delaware § 220-5; see Code of Town of Delaware § 220-9). A resident in the Rural District can accordingly worship, watch films, play music, have family and friends visit and engage in other private behavior customarily conducted by homeowners without fear of running afoul of the theater restriction. The theater restriction only prevents a property owner in the same zoning district from setting up facilities for a cultural presentation, such as an outdoor music festival where hundreds of paid ticket holders enter onto his or her land to take part in it. The theater restriction therefore narrowly addresses the latter situation and is valid, even if one could postulate a still narrower way to do so.
Defendant's further assertions that the theater restriction is overbroad and void for vagueness are unavailing. With regard to the former, the theater restriction legitimately seeks to limit public cultural presentations to areas where they would not have a damaging impact and, as a result, does not "facially 'prohibit[] a real and substantial amount of' expression guarded by the First Amendment" so as to have a chilling effect (People v Marquan M., 24 NY3d 1, 8 [2014], quoting People v Barton, 8 NY3d at 75; see Grayned v City of Rockford, 408 US 104, 119-120 [1972]; cf. Board of Trustees of the Vil. of Groton v Pirro, 152 AD3d 149, 156 [2017]). As for the latter, the theater restriction is limited by its language to indoor and outdoor facilities where cultural performances are staged, and its wording "invites neither misunderstanding by a person of ordinary intelligence nor arbitrary enforcement by [plaintiff]" (Matter of Sullivan Farms IV, LLC v Village of Wurtsboro, 134 AD3d 1275, 1281 [2015]; see People v Stuart, 100 NY2d 412, 422 [2003]; Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1070 [2013], lv denied 21 NY3d 853 [2013]; Clements v Village of Morristown, 298 AD2d 777, 778 [2002]).
We have considered defendant's remaining contentions, including that further discovery was required pursuant to CPLR 3212 (f), and find them to be without merit.
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.