State of New York v Mountain Cr. LLC (2020 NY Slip Op 01541)





State of New York v Mountain Cr. LLC


2020 NY Slip Op 01541


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528496

[*1]State of New York, Respondent,
v
Mountain Creek LLC, Appellant, et al., Defendant.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Young/Sommer LLC, Albany (Kevin M. Young of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen W. Demuth of counsel), for respondent.



Devine, J.
Appeal from an order of the Supreme Court (Hartman, J.), entered December 5, 2018 in Albany County, which, among other things, granted plaintiff's cross motion for partial summary judgment.
Defendant Mountain Creek LLC owns a mobile home park in the Town of Broadalbin, Fulton County and rents lots upon which individuals place their own mobile homes. Defendant Jimi R. St. Louis rented one of the lots and had an above-ground tank installed for the fuel oil used to heat his mobile home. In April 2015, reports of a propane odor at the park were traced to a leaking fuel line running from that tank. The investigation revealed that both kerosene and diesel fuel had leaked from the line, the diesel leak occurring after a botched repair attempt. The Department of Environmental Conservation quickly retained a contractor to remediate the discharge and advised defendants that they may be liable for cleanup and removal costs. In 2017, plaintiff commenced this Navigation Law article 12 action to recover the cost of remediation and penalize defendants for their failures to timely report or remediate the discharge. St. Louis defaulted in appearance, but Mountain Creek served an answer with a counterclaim, several cross claims and various affirmative defenses. Thereafter, Mountain Creek moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of Mountain Creek's liability for the remediation costs. Supreme Court denied the motion and granted the cross motion, and Mountain Creek appeals.
We affirm. Navigation Law § 181 (1) holds "[a]ny person who has discharged petroleum" to be strictly liable for the costs of remediation, without regard to his or her fault, and Navigation Law § 172 (8) defines a "discharge" as "any intentional or unintentional action or omission resulting in" a petroleum spill. The Court of Appeals has read those provisions together in holding "that an owner of contaminated property who has control over activities occurring on the property and reason to believe that petroleum products are stored there may be liable as a discharger" (State of New York v B & P Auto Serv. Ctr., Inc., 29 AD3d 1045, 1046 [2006], lv dismissed 7 NY3d 864 [2006]; see State of New York v Green, 96 NY2d 403, 407 [2001]; State of New York v Slezak Petroleum Prods., Inc., 96 AD3d 1200, 1202 [2012], lv denied 19 NY3d 814 [2012]). The key inquiry is accordingly not whether a landowner knows about or is at fault for a petroleum spill on his or her property, nor whether the landowner owns the apparatus whence the spill came. Instead, the issue is whether the landowner has "capacity to take action to prevent an oil spill or to clean up contamination resulting from a spill" (State of New York v Speonk Fuel, Inc., 3 NY3d 720, 724 [2004]; see State of New York v C.J. Burth Servs., Inc., 79 AD3d 1298, 1300 [2010], lv dismissed 16 NY3d 796 [2011]; State of New York v B & P Auto Serv. Ctr., Inc., 29 AD3d at 1046).
Mountain Creek did not dispute that many of its tenants relied upon fuel oil to heat their homes and that fuel oil trucks were frequently seen on the premises. Mountain Creek could have therefore "reasonably expected" that St. Louis would use fuel oil to heat his home and provided no support, such as a lease, for the proposition that it had ceded its authority as a landowner "to control the site and the source of" a fuel oil discharge on its property (State of New York v Green, 96 NY2d at 407). Indeed, Mountain Creek exercised that control after the discharge at issue by inspecting its tenants' fuel oil tanks and advising them to make necessary repairs. There is accordingly no question that Mountain Creek maintained control over the property and any uses of fuel oil thereon, and "[t]his degree of control is all that is required for liability" (State of New York v Dennin, 17 AD3d 744, 745 [2005], lv dismissed 5 NY3d 824 [2005]; see State of New York v Green, 96 NY2d at 407). Plaintiff's decision to remediate the discharge without first giving Mountain Creek an opportunity to do so did not, contrary to Mountain Creek's suggestion, defeat that liability (see Navigation Law § 176 [1], [2] [a]; State of New York v C.J. Burth Servs., Inc., 79 AD3d at 1301). Thus, Supreme Court properly awarded partial summary judgment to plaintiff.
Mountain Creek's remaining contentions, to the extent that they were not addressed by the binding decision of the Court of Appeals in State of New York v Green (supra), have been examined and found to lack merit.
Garry, P.J., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.