State of New York v Raju (2024 NY Slip Op 03365)

State of New York v Raju

2024 NY Slip Op 03365

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CV-23-0547
[*1]State of New York, Respondent,
v
Manjit Kaur Raju, Individually and Doing Business as Kountry Korner, Defendant, and Gurdeep Singh et al., Individually and Doing Business as Kountry Korner, Appellants.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Sussman & Goldman, Goshen (Michael H. Sussman of counsel), for appellants.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (David A. Weinstein, J.), entered January 25, 2023 in Albany County, which, among other things, granted plaintiff's motion for partial summary judgment.
Defendants Gurdeep Singh and Charanjit Kaur Singh (hereinafter collectively referred to as defendants) own a gas station in the Town of Delaware, Sullivan County. In 1993 and 2006, petroleum spills were reported in the vicinity of the gas station, and it was observed on both occasions that the nearby Callicoon Creek had become polluted. The Department of Environmental Conservation (hereinafter DEC) investigated the spills and plaintiff ultimately expended approximately $640,000 in cleanup costs through the New York State Environmental Protection and Spill Compensation Fund. Plaintiff thereafter commenced the instant action, seeking reimbursement of the cleanup costs and statutory penalties.[FN1] Following joinder of issue, plaintiff moved for, among other things, partial summary judgment on the issue of liability and defendants opposed. Supreme Court granted the motion, and defendants appeal.
In order "to prevent the unregulated discharge of petroleum and to accomplish speedy, effective cleanups when spills occur" (State of New York v Getty Petroleum Corp., 89 AD3d 262, 264 [3d Dept 2011] [internal quotation marks and citation omitted]), the Legislature enacted Navigation Law article 12, also known as the Oil Spill Act (see Navigation Law §§ 170, 171; State of New York v Green, 96 NY2d 403, 406 [2001]). Pursuant to statute, " '[a]ny person who has discharged petroleum' is strictly liable for cleanup and remediation costs" (State of New York v Slezak Petroleum Prods., Inc., 96 AD3d 1200, 1202 [3d Dept 2012], lv denied 19 NY3d 814 [2012], quoting Navigation Law § 181 [1]; see State of New York v C.J. Burth Servs., Inc., 79 AD3d 1298, 1300 [3d Dept 2010], lv dismissed 16 NY3d 796 [2011]). A discharge is defined as "any intentional or unintentional action or omission resulting in the . . . spilling . . . of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law § 172 [8]). Construing these provisions liberally, "the Court of Appeals has held that an owner of contaminated property who has control over activities occurring on the property and reason to believe that petroleum products are stored there may be liable as a discharger" (State of New York v B & P Auto Serv. Ctr., Inc., 29 AD3d 1045, 1046 [3d Dept 2006], lv dismissed 7 NY3d 864 [2006]; see State of New York v Green, 96 NY2d at 406-407; State of New York v Robin Operating Corp., 3 AD3d 767, 768 [3d Dept 2004]).
Defendants argue that plaintiff failed to demonstrate that the gas station was the source of the petroleum detected in Callicoon Creek.[FN2] According to the proof submitted by plaintiff in support of its motion, across the street and downgradient from the gas station is property owned by the Town of Delaware Highway Department, behind which [*2]runs the creek. DEC received reports of gasoline seeping into the creek in 1993 and 2006. The cleanup in 1993 was relatively limited in scope — absorbent pillows were used to soak up the gasoline and three underground storage tanks were removed from the gas station premises, after which DEC concluded that the creek was no longer being contaminated. However, the remediation following the 2006 discharge was more extensive, including vacuuming petroleum products from various locations in and near the creek, pumping recovery wells and excavating contaminated soil over a number of years. Defendants were initially cooperative with the cleanup efforts in 2006 but soon denied responsibility, positing that the discharge could be coming from the town property, which is closer to the creek. In response, DEC's contractor dug a trench on the town property, directly across and downgrade from the gas station, and discovered non-dissolved liquid petroleum at a depth of seven to eight feet. Contaminated soil was found in samples taken in front of the gas station's pump islands, and gasoline was found in a containment sump pump under the premium gasoline island. Ultimately, DEC's engineers and consultants concluded that there was no source for this contamination on the town property — rather, pools of petroleum had seeped into the ground below the gas station during prior years, been mobilized by recent flooding and flowed under the town property to the creek. The foregoing proof was sufficient to establish plaintiff's prima facie entitlement to partial summary judgment on its claim that defendants are strictly liable as petroleum dischargers (see State of New York v Slezak Petroleum Prods., Inc., 96 AD3d at 1203-1204; State of New York v C.J. Burth Servs., Inc., 79 AD3d at 1301). In that regard, it bears repeating that a discharger is liable for spilling oil "into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law § 172 [8] [emphasis added]; see Zincke v Pacific Energy Corp., 146 AD3d 923, 925 [2d Dept 2017]).
In opposition, defendants failed to raise a triable issue of fact (see Darrow v Hetronic Deutschland GmbH, 181 AD3d 1037, 1043 [3d Dept 2020]; Zincke v Pacific Energy Corp., 146 AD3d at 925). The affidavit of defendants' consulting engineer offers only conclusory claims that DEC's investigation was inadequate, and speculation as to alternative explanations for the contamination (see Darrow v Hetronic Deutschland GmbH, 181 AD3d at 1042; Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d 1035, 1037-1038 [3d Dept 2017]). As for the affidavit submitted by Gurpreet Singh, pointing to the presence of gas pumps and storage tanks on the town property, this does not negate the evidence that petroleum was spilled at the gas station, and proof that another party may have been merely an additional contributor to the contamination at issue cannot be used as a shield against strict liability (see State [*3]of New York v Slezak Petroleum Prods., Inc., 96 AD3d at 1202; State of New York v C.J. Burth Servs., Inc., 79 AD3d at 1300-1301). In a similar vein, defendants submitted a report from a consulting geologist who goes only so far as to conclude that there is an "increased probability of more than one source area," but this is likewise insufficient. Accordingly, Supreme Court properly granted partial summary judgment to plaintiff.
Clark, J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Three additional codefendants either were dismissed from the action or have settled with plaintiff.

Footnote 2: To the extent that certain arguments were advanced by defense counsel during oral argument — which counsel conceded were not contained in his appellate brief — these are not properly before us (see Matter of O'Shea [Cayuga Emergency Physicians, LLP-Commissioner of Labor], 140 AD3d 1358, 1359 [3d Dept 2016]).