COUNTY OF ONONDAGA, Respondent, v HOME INSURANCE COMPANIES et al., Appellants. [695 NYS2d 798] —Order unanimously affirmed without costs. Memorandum: We reject the contention of defendants that Supreme Court abused its discretion in denying their motion for a change of venue pursuant to CPLR 510 (2) because there is reason to believe that they would be unable to obtain a fair and impartial trial in Onondaga County. A motion for a change of venue is addressed to the sound discretion of the court and, absent an improvident exercise of discretion, the court's determination will not be disturbed on appeal (see, Filler v Cornell Univ., 147 AD2d 610; Hurlbut v Whalen, 58 AD2d 311, 315-316). Defendants failed to establish a strong possibility that they could not obtain an impartial trial in Onondaga County by their assertion that a "subliminal bias" may exist in that county in favor of plaintiff (see, Jablonski v Trost, 245 AD2d 338, 339-340; Krupka v County of Westchester, 160 AD2d 681; County of Nassau v Southside Hosp., 89 Misc 2d 1063).

There also is no merit to the contention of defendants that they cannot obtain an impartial trial because the verdict in the underlying negligence action was criticized by the media. Those articles appeared over seven years ago, and there has been no showing of any adverse pretrial publicity with respect to this case or that any potential juror knew of the prior articles or was prejudiced as a result of them. (Appeal from Order of

Supreme Court, Onondaga County, Major, J.—Venue.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.