■ 1093 GROUP, LLC, Respondent, v MARY JANE CANALE, Appellant. [900 NYS2d 561]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 22, 2009. The judgment was entered in favor of plaintiff and against defendant in the amount of $48,434.20, plus attorneys' fees, upon plaintiff's cross motion for summary judgment for the cost of remediation under Navigation Law article 12.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the cross motion is denied.

Memorandum: Plaintiff commenced this action to recover damages arising from the leakage of petroleum products from underground storage tanks on its property. We agree with defendant, a former owner of the property, that Supreme Court erred in granting plaintiff's cross motion for summary judgment insofar as it sought judgment in the amount of $48,434.20 for remediating the petroleum contamination on the property, plus attorneys' fees, based on defendant's liability for the cost of remediation under article 12 of the Navigation Law.

In support of its cross motion, plaintiff had the initial burden of establishing that defendant " 'actually caused or contributed to such damage' and thus is liable as a 'discharger' pursuant to Navigation Law § 181 (1)" (*Patel v Exxon Corp.*, 43 AD3d 1323, 1323 [2007]; *see Tifft v Bigelow's Oil Serv., Inc.*, 70 AD3d 1248, 1249 [2010]; *Kramer v Oil Servs., Inc.*, 56 AD3d 730, 731 [2008]). In addition, a subsequent purchaser such as plaintiff may not seek to recover under the Navigation Law from a prior owner if the leak occurred during the time in which the subsequent purchaser owned the property (*see Hjerpe v Globerman*, 280 AD2d 646 [2001]), because "a 'claim' may only be asserted by an injured person 'who is not responsible for the discharge' " (*Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 717 [2005], quoting Navigation Law § 172 [3]). "The statutory scheme makes clear that liability as a 'discharger' is based upon conduct, not status. Article 12 speaks in terms of imposition of liability upon 'dischargers' or persons 'responsible for the discharge' . . . [, and d]ischarge is defined, in turn, in terms of an 'action or omission resulting in' a petroleum spill (Navigation Law § 172 [8]). Nothing in the statute could be construed as making a landowner responsible solely because it is a landowner" (*Drouin v Ridge Lbr.*, 209 AD2d 957, 958 [1994]). Here, plaintiff failed to meet its initial burden of establishing in support of its cross motion that the discharge occurred while defendant owned the property in question rather than, inter alia, during the time in which plaintiff owned it. Furthermore, because plaintiff failed to meet its initial burden on the cross motion, we do not examine the sufficiency of defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We reject the further contention of defendant, however, that the court should have granted her motion for a change of venue. "A motion for a change of venue is addressed to the sound

discretion of the court and, absent an improvident exercise of discretion, the court's determination will not be disturbed on appeal" (*County of Onondaga v Home Ins. Cos.*, 265 AD2d 896 [1999]). We agree with plaintiff that defendant "failed to establish that the convenience of material witnesses and the ends of justice would be promoted by the change" (*Stratton v Dueppengiesser*, 281 AD2d 991 [2001], citing CPLR 510 [3]). Present—Scudder, P.J., Smith, Lindley and Sconiers, JJ.