# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1315**
**CA 11-01355**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

ROBIN PUTNAM-CORDOVANO, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF ZACHARY P.
NYDAHL, DECEASED, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (ROBERT M. ANSPACH OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

CONNORS & VILARDO, LLP, BUFFALO (AMY C. MARTOCHE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered February 1, 2011 in a wrongful
death action.  The order denied the motion of defendants CSX
Corporation and CSX Transportation, Inc. for a change of venue.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  CSX Corporation and CSX Transportation, Inc.
(collectively, defendants) contend on appeal that Supreme Court should
have granted their motion for a change of venue from Niagara County to
Chautauqua County.  We reject that contention.  "A motion for a change
of venue is addressed to the sound discretion of the court and, absent
an improvident exercise of discretion, the court's determination will
not be disturbed on appeal" (*County of Onondaga v Home Ins. Cos*., 265
AD2d 896, 896; *see 1093 Group, LLC v Canale*, 72 AD3d 1561, 1562-1563).
In addition, general allegations of inconvenience or difficulty are
insufficient to justify a change of venue (*see Mroz v Ace Auto Body &
Towing*, 307 AD2d 403).  Based on the record before us, it cannot be
said that the court improvidently exercised its discretion in denying
defendants' motion (*see 1093 Group, LLC*, 72 AD3d at 1562-1563;
*Stratton v Dueppengiesser*, 281 AD2d 991; *see also* CPLR 510 [3]).

Entered:  December 30, 2011                        Frances E. Cafarell
                                                   Clerk of the Court