# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**768**

**CA 11-02518**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

ROUTE 104 & ROUTE 21 DEVELOPMENT, INC.,
PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

CHEVRON U.S.A., INC., DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered February 18, 2011. The order, insofar as appealed from, dismissed the complaint against defendant Chevron U.S.A., Inc.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the complaint against defendant Chevron U.S.A., Inc. is reinstated with respect to the claims under the Navigation Law.

Memorandum: Plaintiff commenced this action seeking to recover the costs of its remediation of subsurface oil and gasoline contamination discovered prior to its purchase of the subject property, asserting statutory and common-law causes of action. Plaintiff purchased the subject property in April 2003 and shortly thereafter conveyed the property to a nonparty, and the remediation occurred during plaintiff's ownership of the property. Chevron U.S.A., Inc. (defendant) subsequently moved for summary judgment dismissing the complaint against it, as the successor to Gulf Oil Corporation (Gulf), which was the owner of two underground storage tanks installed on the property in 1970. Defendant contends that there was no proof that it or Gulf, as its predecessor in interest, was a discharger of petroleum products during their ownership of the property.

We note at the outset that plaintiff has addressed only its claims under the Navigation Law against defendant on appeal, and thus is deemed to have abandoned its other claims against defendant (*see Popolizio v City of Schenectady*, 269 AD2d 670, 671; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We agree with

plaintiff that Supreme Court erred in granting defendant's motion with respect to the Navigation claims. With respect to the Navigation Law § 181 (5) claim against defendant, the elements of such a claim are that the defendant caused or contributed to a discharge of petroleum and that no discharge occurred during the period in which plaintiff owned the property (*see 1093 Group, LLC v Canale*, 72 AD3d 1561, 1562). Here, defendant had the initial burden of establishing that it did not cause or contribute to the contamination of the property (*see Nappi v Holub*, 79 AD3d 1110, 1112-1113). We conclude that defendant failed to meet its burden by merely asserting that plaintiff had "no evidence" that defendant was a discharger. It is well settled that defendant cannot establish its entitlement to judgment as a matter of law simply by pointing to gaps in plaintiff's proof (*see Baity v General Elec. Co.*, 86 AD3d 948, 950; *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980). The remaining Navigation Law claim against defendant seeks contribution "from any responsible party" (§ 176 [8]), and we likewise conclude that defendant failed to meet its initial burden of establishing that it was not a responsible party under that section.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court