# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

517

CA 12-02006

PRESENT: FAHEY, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

VINCENT AUTOMOTIVE, INC., MICHAEL MANCUSO AND
DOMINIC MANCUSO, PLAINTIFFS-APPELLANTS,

V                                                   MEMORANDUM AND ORDER

CHEVRON U.S.A. INC., DEFENDANT-RESPONDENT.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered December 21, 2011. The order granted the motion of defendant for summary judgment and denied the cross motion of plaintiffs to compel defendant to respond to a notice of deposition.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part, reinstating the first and second causes of action, and granting the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover investigation, remediation, cleanup and removal costs arising from oil and gasoline contamination that was discovered during the time they owned the subject property. Defendant moved for summary judgment dismissing the complaint on the ground that its predecessor, Gulf Oil Corporation (Gulf), was not responsible for any contamination of the property, and thus it was not liable for that contamination as a successor in interest to Gulf. Plaintiffs cross-moved, inter alia, to compel defendant to respond to their notice of deposition. Supreme Court granted the motion and denied the cross motion.

We note at the outset that plaintiffs have addressed only the first two causes of action that are based upon the Navigation Law and are thus deemed to have abandoned their other causes of action (*see Route 104 & Rte. 21 Dev., Inc. v Chevron U.S.A., Inc.*, 96 AD3d 1491, 1492). We agree with plaintiffs that the court erred in granting defendant's motion with respect to the Navigation Law causes of action. Contrary to the court's determination, we conclude that defendant did not meet its initial burden on the motion by submitting the affidavit of the attorney who is employed by defendant to

supervise environmental litigation in New York involving Gulf.  That affidavit is without evidentiary value inasmuch as the attorney had no personal knowledge of the relevant facts (*see Cleary v Wallace Oil Co.*, 55 AD3d 773, 777; *Wright v Rite-Aid of NY*, 249 AD2d 931, 931). His assertions concerning Gulf's purported lack of involvement with the subject property or the petroleum discharge thereon consist of double hearsay (*see generally Bielak v Plainville Farms*, 299 AD2d 900), and thus fail to satisfy the "strict requirement" imposed upon the movant to "tender . . . evidentiary proof in admissible form" (*Friends of Animals v Association Fur Mfrs.*, 46 NY2d 1065, 1067-1068). Nor did defendant meet its burden of establishing that it did not cause or contribute to the contamination by asserting that plaintiffs have "no evidence" with respect thereto (*Route 104 & Rte. 21 Dev., Inc.*, 96 AD3d at 1492).  "[D]efendant cannot establish its entitlement to judgment as a matter of law simply by pointing to gaps in plaintiff[s'] proof" (*id.; see Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980).

Finally, we conclude that plaintiffs' cross motion to compel defendant's deposition should have been granted (*see* CPLR 3101 [a]; *see generally Garrett v Community Gen. Hosp of Greater Syracuse*, 288 AD2d 928, 929).

Entered:  June 7, 2013                              Frances E. Cafarell
                                                    Clerk of the Court