# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1281

CA 13-00845

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

ONE FLINT ST., LLC AND DHD VENTURES NEW
YORK, LLC, PLAINTIFFS-APPELLANTS,

V                                                                 MEMORANDUM AND ORDER

EXXON MOBIL CORPORATION, EXXONMOBIL OIL
CORPORATION, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

MCCUSKER, ANSELMI, ROSEN & CARVELLI, P.C., NEW YORK CITY (PATRICIA
PREZIOSO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered August 1, 2012.  The order denied the
motion of plaintiffs for partial summary judgment seeking, inter alia,
a determination that defendants Exxon Mobil Corporation and ExxonMobil
Oil Corporation are strictly liable for the discharge of petroleum
products.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion insofar as it
seeks a determination that defendants Exxon Mobil Corporation and
ExxonMobil Oil Corporation are strictly liable as dischargers under
Navigation Law § 181 (1) and as modified the order is affirmed without
costs.

Memorandum:  Plaintiffs commenced this action pursuant to
Navigation Law article 12, seeking indemnification or contribution
from defendants for the environmental response conducted by plaintiffs
to remediate two parcels on Flint Street in the City of Rochester that
were part of the former oil refinery operations of Vacuum Oil Company
(Vacuum Oil), a predecessor of Exxon Mobil Corporation and ExxonMobil
Oil Corporation (defendants).  Plaintiffs moved for partial summary
judgment seeking, inter alia, a determination that defendants are
strictly liable for the discharge of petroleum products by Vacuum Oil,
which was operating on the sites from 1890 to 1935.  We conclude that
plaintiffs established their entitlement to a determination that
defendants are contributing "dischargers" pursuant to Navigation Law §
172 (8) and thus are strictly liable under section 181 (1) for, inter
alia, the cleanup and removal costs (*see State of New York v Green*, 96
NY2d 403, 406; *Patel v Exxon Corp.*, 43 AD3d 1323, 1323-1324), despite

the fact that the parcels subsequently were the sites for various commercial operations that also may have contributed to the contamination of the properties, including a scrap yard.  We therefore modify the order accordingly.

In support of their motion, plaintiffs submitted, inter alia, evidence of the undisputed historical uses of the property, which included the refinery operations of Vacuum Oil.  Plaintiffs provided the affidavits of two experts explaining that samples taken from depths of 6 to 14 feet below the surface contained contaminants that are consistent with refinery operations and that, based upon the age and depths of the samples, could only have been caused by the refinery operations.  In particular, paraffin wax was located at a depth of 10 feet, and it is undisputed that Vacuum Oil manufactured paraffin wax beginning in 1884.  In addition, a strong odor of petroleum was detected at a depth of 14 feet.  One expert observed foaming water, which is consistent with long-term biodegradation of hydrocarbons.  The other expert opined, inter alia, that the presence of kerosene, also produced by Vacuum Oil, without the presence of lubricating oils that would be expected to be released from the scrap yard operations, supported the conclusion that the contamination at those depths was caused by the Vacuum Oil operations, and not by the scrap yard operations.  Defendants failed to raise an issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In opposition to the motion, defendants submitted environmental reports acknowledging that Vacuum Oil manufactured kerosene and paraffin wax and that "residuals [were] left from the refinery operations," but noting that it "will be difficult to distinguish between [such] residuals . . . and wastes released by the material in the junkyard."  Although defendants also submitted the affidavit of a project manager for environmental services, the affidavit "is speculative and unsupported by any evidentiary or expert proof excluding defendant[s] as . . . contributing discharger[s]" (*State of New York v Slezak Petroleum Prods., Inc.*, 96 AD3d 1200, 1204, *lv denied* 19 NY3d 814).

We further conclude, however, that plaintiffs failed to meet their initial burden of establishing their entitlement to partial summary judgment on the issue whether they are entitled to indemnification rather than contribution (*see White v Long*, 85 NY2d 564, 568), and thus the court properly denied their motion to that extent.  Plaintiffs failed to eliminate any issue of fact whether petroleum products were discharged during the period of their ownership (*see 1093 Group, LLC v Canale*, 72 AD3d 1561, 1562; *Sweet v Texaco, Inc.*, 67 AD3d 1322, 1323; *see generally State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 723-724, *rearg denied* 4 NY3d 740).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court