# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1060**
**CA 16-00502**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

ONE FLINT ST. LLC AND DHD VENTURES NEW YORK, LLC,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

EXXON MOBIL CORPORATION, EXXONMOBIL OIL
CORPORATION, DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

MCCUSKER, ANSELMI, ROSEN & CARVELLI, P.C., NEW YORK CITY (PATRICIA
PREZIOSO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 4, 2016. The order, inter alia, denied that part of plaintiffs' cross motion seeking partial summary judgment, granted that part of plaintiffs' cross motion seeking injunctive relief, and denied the cross motion of defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' cross motion in its entirety and vacating the fourth ordering paragraph, and as modified the order is affirmed without costs.

Memorandum: Exxon Mobil Corporation and ExxonMobil Oil Corporation (defendants) appeal and plaintiffs cross-appeal from an order that, inter alia, denied their respective cross motions seeking partial summary judgment on the issue whether plaintiffs are strictly liable as "dischargers" under Navigation Law § 181 (1) for petroleum contamination on two parcels of land owned by plaintiffs, which were part of the former oil refinery operations of defendants' predecessor, Vacuum Oil Company. The order also granted that part of plaintiffs' cross motion seeking injunctive relief, and denied that part of defendants' motion seeking leave to amend their answer to include claims of spoliation of evidence.

In a prior appeal, we concluded that defendants are strictly liable as dischargers under Navigation Law § 181 (1) (*One Flint St., LLC v Exxon Mobil Corp.*, 112 AD3d 1353, 1354, *lv dismissed* 23 NY3d 998), and that "plaintiffs failed to meet their initial burden of

establishing their entitlement to partial summary judgment on the issue whether they are entitled to indemnification rather than contribution" inasmuch as plaintiffs "failed to eliminate any issue of fact whether petroleum products were discharged during the period of their ownership" of the parcels (*id.* at 1355). For reasons stated in Supreme Court's decision, we conclude that the court properly denied those parts of the respective cross motions seeking partial summary judgment on the issue whether plaintiffs are strictly liable as dischargers under section 181 (1).

We agree with defendants, however, that the court erred in granting that part of plaintiffs' cross motion seeking a mandatory injunction requiring defendants "to either commence the clean-up of the site within a reasonable time of this order or immediately fund same." " 'A mandatory injunction, which is used to compel the performance of an act, is an extraordinary and drastic remedy which is rarely granted and then only under the unusual circumstances where such relief is essential to maintain the status quo pending trial of the action' " (*Zoller v HSBC Mtge. Corp. [USA]*, 135 AD3d 932, 933; *see Lexington & Fortieth Corp. v Callaghan*, 281 NY 526, 531), and that is not the case here. We therefore modify the order accordingly.

We reject defendants' further contention that the court abused its discretion in denying that part of their motion for leave to amend their answer to allege spoliation of evidence as part of the factual recitation inasmuch as such an amendment is not necessary (*cf. Ortega v City of New York*, 9 NY3d 69, 73; *see generally DeLorm v Wegmans Food Mkts.*, 185 AD2d 648, 648).

Entered: December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court